Opinion filed September 11, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
11, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-06-00334-CV 

                                                     __________

 

                                 BILLY
TUCKER, DWAYNE KLEIN, 

                                  AND
ANTHONY KLEIN, Appellants

 

                                                             V.

 

                   INTER-AMERICAN
OIL WORKS, INC.; TEXAS OIL WORKS

                      SUPPLY,
INC.; JOHNNY KIDD; KENNETH BLACK; AND

                                    
THOMAS LUTTRELL, Appellees

 



 

                                        
On Appeal from the 244th District Court

                                                        
Ector County, Texas

                                                
Trial Court Cause No. C-106,244

 



 

                                              
M E M O R A N D U M   O P I N I O N

 

This
appeal arises from a suit filed by three former employees of a newly formed,
close corporation.  They asserted a breach of an oral agreement for them to be
issued 49% of the corporate stock of the new corporation at the outset of its
formation and operation.  The jury agreed with the employees= assertion of the existence
and breach of an oral agreement to issue stock to them.  However, the jury
determined that the employees did not incur damages as a result of the breach. 
The employees challenge the jury=s
findings in five issues.  We affirm.








                                                               Background
Facts

Appellants,
Dwayne Klein, Anthony Klein, and Billy Tucker, decided to open an oil field
repair business in February 1997.[1]  As a result
of a chance meeting between Anthony Klein and Johnny Kidd of Inter-American Oil
Works, Inc., appellants met with Kidd, Kenneth Black, and Thomas Luttrell of
Inter-American for the purpose of discussing appellants= intended business venture.  Inter-American
agreed to finance the launch of Texas Oil Works Supply, Inc. as an oil field
repair business with appellants serving as the principal employees of the new
corporation.  Appellants asserted that the parties had an oral agreement for
the three of them to be issued 49% of the corporate stock of Texas Oil Works
Supply at the outset of their employment in 1997.  As noted, the jury agreed
with their allegation of the existence and breach of this oral agreement.  

Appellants
were terminated as employees of Texas Oil Works Supply in the summer of 1998. 
The terminations were prompted by allegations that appellants had engaged in
illegal activities in operating the corporation.  In this regard, Anthony Klein
pleaded guilty to a federal charge of aiding and abetting in the transportation
of stolen goods.  Appellees asserted a counterclaim against appellants alleging
that they misappropriated the corporation=s
inventory and charged customers for items that were never delivered.  The jury
rendered a verdict in favor of appellees on their counterclaim solely against
Anthony Klein in the amount of $49,621.72 by finding that he breached a
fiduciary duty owed to the corporation.

Kidd,
Black, and Luttrell continued to operate Texas Oil Works Supply after
appellants were terminated in 1998.  Kidd testified that sales for the business
dropped from $200,000 to $30,000 a month immediately after appellants were
terminated.  He estimated that Inter-American invested $250,000 into the
business after the terminations for Adamage
control@ to repay
customers for stolen products and falsified invoices.  Texas Oil Works Supply
did not become profitable again until approximately a year after the
terminations.  Kidd testified that the company lost revenue of $1,000,000 in
the one-year period after appellants were terminated and that the company lost
profits of $250,000 as a result of the loss of revenue.  Kidd, Black, and
Luttrell subsequently sold Texas Oil Works Supply=s
assets for $800,000 in 2001.








                                                                         Issues

Appellants
challenge the legal and factual sufficiency of the evidence supporting the
award  of damages against Anthony Klein in the amount of $49,621.72 in their
first and second issues.  In their third and fourth issues, appellants
challenge the legal and factual sufficiency of the evidence supporting the jury=s Azero@
answer for the damages they incurred as a result of the breach of the oral
agreement to issue stock.  Appellants=
fifth issue challenges the admission of five Acredit
memos@ into evidence
in support of appellees=
counterclaim.

                                   AZero@ Damages for Failure to
Issue Corporate Stock

When
a party attacks the legal sufficiency of an adverse finding on an issue on
which he has the burden of proof, he must demonstrate on appeal that the
evidence establishes, as a matter of law, all vital facts in support of the
issue.  Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). 
In reviewing a Amatter
of law@ challenge, the
reviewing court must first examine the record for evidence that supports the
finding, while ignoring all evidence to the contrary. Sterner, 767
S.W.2d at 690.  If there is no evidence to support the finding, the reviewing
court will then examine the entire record to determine if the contrary
proposition is established as a matter of law.  Sterner, 767 S.W.2d at
690.  A party attacking the factual sufficiency of an adverse finding on an
issue on which he has the burden of proof must demonstrate on appeal that the
adverse finding is against the great weight and preponderance of the evidence. 
Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001).  In reviewing
an issue asserting that a finding is against the great weight and preponderance
of the evidence, we must consider and weigh all of the evidence and set aside
the finding only if the evidence is so weak or the finding is so contrary to
the great weight and preponderance of the evidence as to be clearly wrong and
unjust.  Dow Chem. Co., 46 S.W.3d at 242; In re King=s Estate, 244 S .W.2d
660, 661 (Tex. 1951).  We review the evidence but may not substitute our
opinion for that of the jury, as it is the jury=s
role to judge the credibility of witnesses, to assign the weight afforded their
testimony, and to resolve inconsistencies within or conflicts among the
witnesses= testimony. 
Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003).








In
a breach of contract action for failure to transfer shares of a closely held
corporation, the proper measure of damages is the fair market value of the
stock.  Willis v. Donnelly, 118 S.W.3d 10, 40 (Tex. App.CHouston [14th Dist.] 2003),
aff=d in
part and rev=d
in part on other grounds, 199 S.W.3d 262, 279 (Tex. 2006).  The stock is to
be valued at the time of the alleged breach or injury.  Id. at 41. 
Market value of closed‑corporate stock is what a willing purchaser would
pay to a willing seller under no compulsion to sell.  Id.; InterFirst
Bank Dallas, N.A. v. Risser, 739 S.W.2d 882, 889 (Tex. App.CTexarkana 1987), disapproved
on other grounds by Tex. Commerce Bank, N.A. v. Grizzle, 96 S.W.3d 240
(Tex. 2002).  When stock sales do not exist upon which fair market value may be
determined, other methods of assessing fair market value must be utilized.  See
Willis, 118 S.W.3d at 41.  If there is no evidence of fair market value,
the value of stock in a closely held corporation is predicated upon the market
value of the assets of the company after deducting its liabilities.  See id.;
Williams v. Gaines, 943 S.W.2d 185, 193 (Tex. App.CAmarillo 1997, writ
denied).

Appellants
assert that the evidence conclusively established the value of the stock they
should have received based upon the sale of the assets of Texas Oil Works
Supply in 2001 for $800,000.  We disagree.  As noted in the previous paragraph,
the relevant date for valuing the stock to determine the amount of appellants= possible damages is the
date of the alleged breach or injury.  Appellants asserted that they were
supposed to receive 49% of the stock at the outset of the corporation=s formation in 1997. 
Dwayne Klein testified that he confronted Kidd in September  of 1997 to inquire
about the company=s
failure to issue appellants=
stock to them.  Kidd testified that he presented appellants with employment
contracts after the meeting that addressed their employment and the issuance of
the stock.  Kidd requested his attorney to prepare stock certificates for
appellants, but the certificates were never executed because appellants would
not sign the proposed employment contracts.

Based
upon appellants=
contentions, the controlling date for valuing the stock occurred in 1997
because that is when appellees breached the agreement to convey the stock.  At
the latest, the breach occurred at some point prior to appellants= termination in 1998.  The
sale price of the corporation=s
assets approximately three years later is not conclusive evidence of the fair
market value of the stock at the inception of the corporation.  Appellants= third issue is overruled.








We
also conclude that the jury=s
Azero@ answer is not against the
great weight and preponderance of the evidence.  In this regard, the parties
presented very little evidence of the fair market value of the corporation=s stock at the outset of
its operations or at any point prior to appellants= termination.  While Kidd testified that the
corporation started with $50,000 to $75,000 in inventory, there is no evidence
of the corporation=s
liabilities or whether the corporation=s
assets exceeded its liabilities.  From a post-termination perspective, there is
evidence that Inter-American injected a large amount of capital to cover
customer=s
reimbursement claims.  Additionally, Texas Oil Works Supply lost $1,000,000 in
revenue and $250,000 in profits after the terminations.  The evidence of these
negative changes in the company=s
finances supports the jury=s
determination that appellants did not incur any damages as a result of the
breach of the oral agreement.  Appellants additionally argue that the corporation=s stock was worth at least
$1,000 based upon a recital in its articles of incorporation.  However, book
value is entitled to little, if any, weight in determining the value of a
corporation=s stock.  Bendalin
v. Delgado, 406 S.W.2d 897, 900‑01 (Tex. 1966).  Appellant=s fourth issue is
overruled.

                                                Admissibility
of Financial Documents

In
their fifth issue, appellants challenge the trial court=s admission of five documents offered by
appellees into evidence.  Appellants contend that the trial court erred in
denying their relevancy objections to these items of evidence.  We review a
trial court=s
evidentiary rulings for abuse of discretion.  See Owens‑Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).  Unless the trial
court=s erroneous
evidentiary ruling probably caused the rendition of an improper judgment, we
will not reverse the ruling.  See id.  Evidence must be relevant to be
admissible. Tex. R. Evid. 402. 
Evidence is relevant if it has Aany
tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.@ 
Tex. R. Evid. 401.

Defendant=s Exhibit No. 12
constituted a check from Texas Oil Works Supply to ADawson@
in the amount of $16,984.80.  Black testified that Texas Oil Works Supply
issued this check to reimburse Dawson for fabricated invoices.  Defendant=s Exhibit No. 13
constituted another check to Dawson.  Appellees=
counsel advised the court that this check also represented a reimbursement for
falsified invoices.  Kidd testified that Defendant=s Exhibit Nos. 14, 15, and 16 constituted
credit memos for amounts reimbursed by Texas Oil Works Supply  to its customers
for falsified invoices.








The
trial court did not abuse its discretion by overruling appellants= relevancy objections to
these documents.[2]  Appellees
premised their counterclaim against Anthony Klein on the contention that he
falsified customer=s
invoices and that they incurred damages for his actions by having to reimburse
their customers.  Based upon the testimony that accompanied the admission of
these documents, the documents were relevant to establishing the amount of
reimbursement sought by appellees.  Appellants=
fifth issue is overruled.

                                                    Damages
Against Anthony Klein

Appellants
do not contest the jury=s
determination that Anthony Klein breached a fiduciary duty he owed to Texas Oil
Works Supply.  However, they challenge the legal and factual sufficiency of the
evidence supporting the jury=s
finding that Texas Oil Works Supply incurred damages of $49,621.72 as a result
of his breach.

A
legal sufficiency challenge may only be sustained when (1) the record discloses
a complete absence of evidence of a vital fact, (2) the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to
prove a vital fact, (3) the evidence offered to prove a vital fact is no more
than a mere scintilla, or (4) the evidence establishes conclusively the
opposite of a vital fact. Uniroyal Goodrich Tire Co. v. Martinez, 977
S.W.2d 328, 334 (Tex. 1998).  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable factfinder could, and
disregard evidence contrary to the finding unless a reasonable factfinder could
not. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  An
assertion that the evidence is factually insufficient to support a fact finding
means that the evidence supporting the finding is so weak or the evidence to
the contrary is so overwhelming that the answer should be set aside and a new
trial ordered. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).  We are
required to consider all of the evidence in the case in making this
determination, not just the evidence that supports the finding.  Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406‑07 (Tex. 1998).








The
damage question included two elements for the jury to consider:  (1) Texas Oil
Works Supply=s lost
profits and (2) the reasonable and necessary costs for Texas Oil Works Supply
to reimburse its customers.  We focus our attention on the second element.  The
jury=s damage
determination of $49,621.72 equals the sum of the amounts represented by
Defendants= Exhibit
Nos. 12, 13, 14, 15, and 16.  The jury=s
damage calculation is supported by legally and factually sufficient evidence
because it coincides with the exact amount of reimbursement reflected in the
documentary evidence.  Appellants=
first and second issues are overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

September 11,
2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Dwayne Klein is Anthony Klein=s father.  Billy Tucker is Dwayne Klein=s brother-in-law and Anthony Klein=s uncle by marriage.





[2]We note that appellants did not object to the admission
of Defendant=s Exhibit No. 12 at the time it was admitted into
evidence.