COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



RUBEN MONTELONGO,


 Appellant,


v.


EXIT STAGE LEFT, INC. AND
GEORGE CISNEROS,


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00324-CV



Appeal from the


County Court at Law No. 6


of El Paso County, Texas


(TC#2006-3279)


OPINION ON MOTION


BACKGROUND

 In his appeal of the trial court's Order Setting Supersedeas Bond pursuant to Appellate Rule
24.4, Montelongo contends that the trial court abused its discretion in finding that his net worth was
$465,452 because both the value of the his homestead and the judgment against him should have
been used in calculating his net worth. Cisneros argues that taking the judgment into account would
produce absurd results because in some cases the judgment would lead to a negative net worth,
thereby relieving the judgment debtor of having to deposit any money to suspend enforcement of the
judgment. In Montelongo's original Affidavit of Net Worth he attested his net worth was
$52,548.91 ($415,452 in assets - $362,903.09 judgment = $52,548.91). (1) Montelongo then deposited
a cashier's check with the District Clerk for $26,271.56, approximately 50 percent of his net worth.

SUPERCEDEAS BOND

 Under Rule 24.1 of the Rules of Appellate Procedure, a judgment debtor may supersede a
judgment by (1) filing with the trial court clerk a written agreement with the judgment creditor for
suspending enforcement of the judgment; (2) filing with the trial court clerk a good and sufficient
bond; (3) making a deposit with the trial court clerk in lieu of a bond; or (4) providing alternate
security ordered by the trial court. When the judgment is for money, the amount of the bond,
deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest
for the estimated duration of the appeal, and costs awarded in the judgment. Tex.R.App.P.
24.2(a)(1); Tex.Civ.Prac.& Rem.Code Ann. § 52.006(a)(Vernon 2008). However, the amount
must not exceed the lesser of 50 percent of the judgment debtor's current net worth or 25 million
dollars. Tex.R.App.P. 24.2(a)(1); Tex.Civ.Prac.& Rem.Code Ann. § 52.006(b).

 Rule 24.2(c) sets forth the procedure for determining net worth. A judgment debtor who
provides a bond, deposit, or security under Rule 24.2(a)(1)(A) in an amount based on the debtor's
net worth must simultaneously file an affidavit that states the debtor's net worth and states complete,
detailed information concerning the debtor's assets and liabilities from which net worth can be
ascertained. Tex.R.App.P. 24.2(c)(1). The affidavit is prima facie evidence of the debtor's net
worth. Id. A judgment creditor may file a contest to the debtor's affidavit of net worth.
Tex.R.App.P. 24.2(c)(2). Net worth is calculated as the difference between total assets and total
liabilities as determined by generally accepted accounting principles (GAAP). Texas Custom Pools,
Inc. v. Clayton,--- S.W.3d ----, 2009 WL 656280, at *2 (Tex.App.-El Paso March, 12, 2009, no
pet.)(citing G.M. Houser, Inc. v. Rodgers, 204 S.W.3d 836, 840 (Tex.App.-Dallas 2006, no pet.);
Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C., 171 S.W.3d 905, 915 (Tex.App.-Houston
[14th Dist.] 2005, no pet.)). At the hearing on the judgment creditor's contest, the judgment debtor
has the burden of proving net worth. Tex.R.App.P. 24.2(c)(3). The trial court is required to issue
an order that states the debtor's net worth and states with particularity the factual basis for that
determination. Id. The trial court is also authorized to enjoin the judgment debtor from dissipating
or transferring assets to avoid satisfaction of the judgment. Tex.R.App.P. 24.2(d). On the motion
of a party, an appellate court may review the sufficiency or excessiveness of the amount of security. 
Tex.R.App.P. 24.4(a); Tex.Civ.Prac.& Rem.Code Ann. § 52.006(d); Texas Custom Pools, Inc.,
2009 WL 656280, at *2.

STANDARD OF REVIEW

 We review the trial court's determination of the amount of security for an abuse of discretion.
G.M. Houser, 204 S.W.3d at 840. If we conclude the trial court abused its discretion, we may order
the amount of the security increased or decreased in an amount not to exceed the lesser of 50 percent
of the judgment debtor's net worth or $25 million. Tex.R.App.P. 24.4(a); Tex.Civ.Prac.&
Rem.Code Ann. § 52.006(d); Texas Custom Pools, Inc., 2009 WL 656280, at *3.

 In conducting this review, we engage in a two-pronged analysis: (1) Did the trial court have
sufficient information upon which to exercise its discretion; and (2) did the trial court err in its
application of discretion? Leibman v. Grand, 981 S.W.2d 426, 429 (Tex.App.-El Paso 1998, no
pet.); Texas Custom Pools, Inc., 2009 WL 656280, at *3. The traditional standards utilized to review
sufficiency of the evidence come into play when considering the first question. Leibman, 981
S.W.2d at 429-30; Texas Custom Pools, Inc., 2009 WL 656280, at *3. We then proceed to
determine whether, based on the elicited evidence, the trial court made a reasonable decision, or
whether it is arbitrary and unreasonable. Leibman, 981 S.W.2d at 430; Texas Custom Pools, Inc.,
2009 WL 656280, at *3. The question is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court's action, but whether the court acted without reference
to any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may decide a matter within her discretionary
authority in a different manner than an appellate judge in a similar circumstance does not
demonstrate that an abuse of discretion has occurred. Leibman, 981 S.W.2d at 430.

 Montelongo had the burden to prove net worth; therefore, he must show the evidence
conclusively establishes, as a matter of law, all vital facts in support of their position. Sterner v.
Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); Texas Custom Pools, Inc., 2009 WL 656280,
at *3. In reviewing a "matter of law" challenge, the reviewing court must first examine the record
for evidence that supports the finding, while ignoring all evidence to the contrary. Sterner, 767
S.W.2d at 690. If there is no evidence to support the finding, the reviewing court will then examine
the entire record to determine if the contrary proposition is established as a matter of law. Sterner,
767 S.W.2d at 690. In conducting our review, we must consider the evidence in the light most
favorable to the challenged finding and indulge every reasonable inference that would support it. 
City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005). We must credit favorable evidence if
a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could
not. Id. at 827; Ramco, 171 S.W.3d at 910. Finally, we must determine whether the evidence before
the trial court would enable reasonable and fair-minded people to find the facts at issue. Id. We also
bear in mind that the fact finder is the sole judge of the credibility of the witnesses and the weight
to give their testimony. Id.

 In reviewing the factual sufficiency of the evidence, we consider all of the evidence in the
record. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996). If a party is attacking the factual
sufficiency of an issue upon which it had the burden of proof, it must demonstrate that the adverse
finding is against the great weight and preponderance of the evidence. Croucher v. Croucher, 660
S.W.2d 55, 58 (Tex. 1983); Marrs and Smith Partnership v. D.K. Boyd Oil and Gas Co., Inc., 223
S.W.3d 1, 14 (Tex.App.-El Paso 2005, pet. denied). In reviewing a factual sufficiency issue, we
must first examine the record to determine if there is some evidence to support the finding; if so,
then we must determine whether the failure to find is so contrary to the overwhelming weight and
preponderance of the evidence as to be clearly wrong and manifestly unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986).

APPLICATION

 In Montelongo's appeal of the trial court's Order Setting Supersedeas Bond he argues that
the trial court abused its discretion in not making a proper net worth determination and in setting the
bond amount too high. On May 21, 2009, the trial court found Montelongo's net worth to be
$465,452 and it set the bond amount at $232,726. Appellant argued at a hearing on the Motion to
Contest Judgment that the judgment itself should be considered in calculating net worth. Appellant
conceded that there is no decision, by any court in the State of Texas, concerning whether or not the
judgment itself should be included as part of a net worth determination. Cisneros argued that the
homestead, while exempt from execution, should also be included in a net worth determination. The
Appellee argued that the net worth determination is simply used to determine whether the Appellant
has enough resources to prosecute an appeal. The trial judge ultimately decided to exclude both the
Appellant's homestead and the judgment from his net worth. Initially Appellant argued that only
the judgment should have been included in the net worth determination but now argues that both the
judgment for $352,903.09 and the value of the homestead should be included.

 After a review of the law, the briefs, and the record, Appellant cites no authority, nor can we
find any authority, supporting the contention that the judgment and the homestead must be included
in calculating net worth in a supercedeas situation. The trial court was presented with logical
arguments why the homestead and the judgment should be included in determining net worth. 
Appellee argues that in some cases the amount of the judgment would be greater than a judgment
debtor's net worth, which would lead to a person having a negative net worth, meaning the debtor
would not have to post any bond. The Appellant counters by arguing that if an individual was to
apply at a bank for a loan, a large judgment would be included in the evaluation of that person's net 
worth. On the issue of the homestead, the Appellant initially argued that because the property is
exempt it should not be included. As stated before the Appellant now argues that the value of the
homestead should be included in net worth calculations. The Appellee argues that the sole purpose
of the bond is to determine if the judgment debtor has enough funds to pursue an appeal, and he
agrees the homestead should be included, presumably because it could be used as collateral to obtain
a bond or loan.

 While the arguments above are interesting, at this time the Court passes on the opportunity
to answer what specifically must be included in a net-worth determination. The Appellant carried
his burden of filing an affidavit of net worth, which is prima facie evidence of the net worth. 
Tex.R.App.P. 24.2(c)(1). In turn, a judgment creditor may file a contest to the debtor's affidavit of
net worth, which occurred in this case. Tex.R.App.P. 24.2(c)(2). In the absence of controlling law
or expert testimony, utilizing the Generally Accepted Account Principles (GAAP), the trial court was
left to decide between two policy arguments. The trial court determined that because the judgment
is a contingent liability and because the homestead is exempt from execution they would not be
included in the net worth calculation. We find that the trial court did not abuse its discretion because
the trial court did not act without reference to any guiding rules or principles. Downer, 701 S.W.2d
at 241-42. Had the Appellant presented case law or expert testimony that a homestead or a judgment
must be included under the GAAP the outcome could have been different.

CONCLUSION

 We find that the trial court did nor err and affirm the ruling of the trial court. Appellant's
Motion Pursuant to Appellate Rule 24.4 to Appeal Trial Court's Order Setting Amount of
Supersedeas Bond is denied.


 GUADALUPE RIVERA, Justice


July 8, 2009


Before Chew, C.J., McClure, and Rivera, JJ.

1. The actual judgment was $352,903.09, $10,000 less than the amount stated in the Affidavit of Net Worth. 
This discrepancy is not outcome determinative. For the purpose of our analysis this Court used the actual judgment
amount.