COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| DONNA ELLEN NEWSOME, M.D., PhD, | § | No. 08-09-00025-CV |
| Appellant, | § | Appeal from |
| v. | § | 296th District Court |
| NORTH TEXAS NEUROSCIENCE CENTER, P.A., | § | of Collin County, Texas |
| | § | (TC # 296-304-07) |
| Appellee. | | |

## MEMORANDUM OPINION ON MOTION

Pending before the Court is a motion filed by Appellant, Donna Ellen Newsome, M.D., PhD, to review the trial court's order setting the supersedeas bond at $250,000. *See* TEX.R.APP.P. 24.4. We deny Newsome's motion and affirm the trial court's order.

## FACTUAL AND PROCEDURAL SUMMARY

North Texas Neuroscience Center, P.A. (NTNC) filed suit against its former employee, Dr. Newsome, alleging various causes of action based on NTNC's claim that Dr. Newsome and another former NTNC employee, Connie Burks, created an entity to divert medical billings from NTNC directly to Dr. Newsome and Burks. At the conclusion of a bench trial, the court found that Newsome breached her contract with NTNC, and the court awarded it damages in the amount of $188,700 plus attorney's fees in the amount of $83,403.56. NTNC filed an application for a turnover order seeking her shares in her professional association, Donna Ellen Newsome, M.D., PhD, P.A., and the accounts receivable in order to satisfy the judgment. Dr. Newsome filed notice of appeal and a motion to forego or decrease security for supersedeas pursuant to TEX.R.APP.P. 24.3. Dr.

Newsome attached her own affidavit to the motion stating she has a negative net worth. In that affidavit, Dr. Newsome listed total debt of $283,500[1] and assets totaling $46,350[2] for a negative net worth of $237,150.

On January 7, 2009, the court held a hearing on the turnover application and Dr. Newsome's motion. Dr. Newsome was the sole witness to testify at the hearing. Consistent with her affidavit, Dr. Newsome testified she had approximately $280,000 in debt, including $115,000 in student loans, tax liability in the amount of $55,000, credit card debt in the sum of $58,000, a car loan estimated at $3,000 to $4,000, medical bills in the amount of $5,000 to $6,000,[3] and legal bills of $44,000 to $47,000. Her assets included $1,100 in cash, $2,000 in a 401k, three cars valued at a total of $21,000, and personal items valued at $14,000 to $15,000. Dr. Newsome explained she had withdrawn money from her 401k to pay expenses. She also testified she had forgotten to include two of her cars in the affidavit. Dr. Newsome's medical practice has $300,000 in accounts receivable, but she expected to collect only 30 percent or $100,000. Dr. Newsome does not own any real property, stocks, or bonds. Based on her testimony, Dr. Newsome had $138,100 in assets at the time of the January 7, 2009 hearing, and a negative net worth of $141,900. Dr. Newsome did not offer any documentary evidence to support her testimony. During cross-examination, Dr. Newsome admitted NTNC paid her $350,000 in 2005 and $300,000 in 2006. Further, her net income for 2007 was $161,000. NTNC did not offer any evidence, other than through cross-examination, to challenge Dr. Newsome's testimony. The trial court entered an order finding that Newsome's net worth was

[1] The affidavit listed the following liabilities: $115,000 -student loans; $55,000 - taxes; $58,000 - credit card debt; $4,500 - medical bills; $4,000 - car note; and $47,000 - legal fees.

[2] The affidavit listed the following assets: $1,700 in a business operational account; $1,500 in her personal checking; $150 in a savings account; $14,000 in her 401k; a car valued at $15,000; and personal property, including clothing and jewelry valued at approximately $14,000.

[3] Dr. Newsome has an autistic son.

zero. Consequently, the court set the supersedeas bond at zero and it stayed execution on the judgment pending appeal or further order of the court.

Following entry of the order setting the supersedeas bond at zero, NTNC engaged in post-judgment discovery for several months. Dr. Newsome initially resisted discovery, but following a hearing on NTNC's motion to compel and for sanctions, Dr. Newsome responded to the discovery requests. On July 2, 2009, NTNC filed a motion to vacate the prior order and the findings of fact made by the court in connection with that order. On the day of the hearing on the motion to vacate, Dr. Newsome filed a response asserting her total assets of $106,678.34[4] and total liabilities in the amount of $565,046.84[5] for a negative net worth of $458,368.50. The response included an affidavit by Dr. Newsome dated August 25, 2009, and thirty-one exhibits attached to it. At the hearing on the motion, both parties introduced documentary evidence only. Dr. Newsome did not introduce into evidence her August 2009 affidavit, but she did offer the thirty-one exhibits attached to it. On October 13, 2009, the trial court vacated its prior order and findings and set the supersedeas bond at $250,000. The court entered written findings of fact:

> 1) Newsome has failed to comply the (sic) requirement of TRAP 24.3(a)(1) and (2) by failing to provide complete and detailed information from which her net worth can be ascertained.

> 2) Newsome is a highly compensated Medical Doctor and practicing physician.

> 3) Newsome's testimony and sworn statements to the Court concerning her assets are not credible in light of additional documentary evidence which indicates solid income and equally solid spending habits.

> 4) Dr. Newsome has failed, in accordance to TRAP 24.3(a)(1) and (2), to assign any

---

[4] The response lists the following assets: $3,480.97 - personal checking; $1,271 - Texas Tuition Promise Fund; $316.77 - IRA; $4,771.83 - IRA; $70,066 - personal property (including three cars); $7,327.91 - business accounts; and $19,443.86 - accounts receivable.

[5] The list of liabilities included the judgment in favor of NTNC to which Dr. Newsome assigned the value of $300,000.

meaningful value whatsoever to her medical practice, Donna Ellen Newsome, M.D., Ph.D., P.A., which is her principal asset and upon which the Judgment Creditor, a Texas Professional Association, or its Texas Professional Association assigns, may execute.

5) Dr. Newsome has earned in excess of $2,250,000.00 since 1/1/05.

6) Dr. Newsome rents a home for $1,500 per month and purports to own no other real property.

7) Dr. Newsome maintains a household personal property contents insurance policy for at least $105,000. Newsome swore in January 2009 that such contents are worth not more than $14,000.

8) Dr. Newsome presently pays former co-defendant Connie Burks as an office manager the sum of at least $5,000 per month, and has done so since January 1, 2007.

9) Dr. Newsome has included these payments to Connie Burks as a deductible expense on 2007 IRS form 1040, yet has never issued an IRS form 1099 to Connie Burks.

10) The payments to Connie Burks since 1/1/07 exceed $176,000.00.

11) Dr. Newsome has expended at least $14,600.00 on luxury items at Neiman Marcus department stores in 2009.

12) Dr. Newsome has provided a listing of purported monthly expenses, which include the aforementioned payments to Connie Burks.

13) The sum remaining, net of Newsome's listed expenses, based on income reported by her for 2007, 2008, and 2009, exceeds $600,000.00.

14) Dr. Newsome has failed to account for the income she receives minus her expenses.

15) Dr. Newsome's assertions she [sic] her total assets are no more than $106,000 is not credible in light of evidence to the contrary (i.e., no value for medical practice, inability to account for income after deduction of expenses, spending on non-necessity items, exceptionally low valuation of personal property). The Court concludes that in the ongoing absence of any credible evidence of the assets and net worth of and by Newsome, the supersedeas bond shall be set at $250,000.00.

On October 15, 2009, Newsome filed a motion requesting that we review the trial court's

order pursuant to Rule 24.4 of the Texas Rules of Appellate Procedure. We stayed execution of the

judgment pending our review of the motion.

## NET WORTH DETERMINATION

In her motion, Newsome asserts that the trial court's order is erroneous because: (1) a supersedeas bond may not exceed 50 percent of the a judgment debtor's net worth; (2) the trial court failed to make a finding of net worth; and (3) there is no evidence, or alternatively, insufficient evidence supporting the trial court's order setting the bond at $250,000.

### *Applicable Law*

Under Rule 24.1 of the Rules of Appellate Procedure, a judgment debtor may supersede a judgment by (1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment; (2) filing with the trial court clerk a good and sufficient bond; (3) making a deposit with the trial court clerk in lieu of a bond; or (4) providing alternate security ordered by the trial court. When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX.R.APP.P. 24.2(a)(1); TEX.CIV.PRAC.&REM.CODE ANN. § 52.006(a)(Vernon 2008). However, the amount must not exceed the lesser of 50 percent of the judgment debtor's current net worth or 25 million dollars. TEX.R.APP.P. 24.2(a)(1); TEX.CIV.PRAC.&REM.CODE ANN. § 52.006(b).

Rule 24.2(c) sets forth the procedure for determining net worth. A judgment debtor who provides a bond, deposit, or security under Rule 24.2(a)(1)(A) in an amount based on the debtor's net worth must simultaneously file an affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's asset and liabilities from which net worth can be ascertained. TEX.R.APP.P. 24.2(c)(1). The affidavit is *prima facie* evidence of the debtor's net worth. *Id.* A judgment creditor may file a contest to the debtor's affidavit of net worth.

TEX.R.APP.P. 24.2(c)(2).  Net worth is calculated as the difference between total assets and total liabilities as determined by generally accepted accounting principles.  *Texas Custom Pools, Inc. v. Clayton*, ---- S.W.3d ----, 2009 WL 656280 at *2 (Tex.App.--El Paso 2009, mand. den.); *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex.App.--Dallas 2006, no pet.).  At the hearing on the judgment creditor's contest, the judgment debtor has the burden of proving net worth.  TEX.R.APP.P. 24.2(c)(3).  The trial court is required to issue an order that states the debtor's net worth and states with particularity the factual basis for that determination.  *Id.*  The trial court is also authorized to enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment.  TEX.R.APP.P. 24.2(d).  On the motion of a party, an appellate court may review the sufficiency or excessiveness of the amount of security.  TEX.R.APP.P. 24.4(a); TEX.CIV.PRAC. &REM.CODE ANN. § 52.006(d); *Texas Custom Pools, Inc.*, 2009 WL 656280 at *2; *G.M. Houser, Inc.*, 204 S.W.3d at 840.

*Standard of Review*

We review the trial court's determination of the amount of security for an abuse of discretion. *Texas Custom Pools, Inc.*, 2009 WL 656280 at *2; *G.M. Houser, Inc.*, 204 S.W.3d at 840. If we conclude the trial court abused its discretion, we may order the amount of the security increased or decreased in an amount not to exceed the lesser of 50 percent of the judgment debtor's net worth or $25 million. TEX.R.APP.P. 24.4(a); TEX.CIV.PRAC.&REM.CODE ANN. § 52.006(d).

In conducting this review, we engage in a two-pronged analysis: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion? *Leibman v. Grand*, 981 S.W.2d 426, 429 (Tex.App.--El Paso 1998, no pet.). The traditional standards utilized to review sufficiency of the evidence come into play when considering the first question. *Id.* at 429-30. We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision, or whether it is arbitrary and unreasonable. *Id*. at 430. The question is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Leibman*, 981 S.W.2d at 430.

*Failure to Make Determination of Net Worth*

The trial court did not make a determination of Dr. Newsome's net worth because it found she had not offered credible evidence of her assets or net worth. Because Dr. Newsome had the burden to prove her net worth, she must show the evidence conclusively establishes, as a matter of law, all vital facts in support of her position. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690

(Tex. 1989); *Texas Custom Pools, Inc.*, 2009 WL 656280 at *3; *G.M. Houser, Inc.*, 204 S.W.3d at 840-41. In reviewing a "matter of law" challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690. If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Sterner*, 767 S.W.2d at 690. In conducting our review, we must consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *G.M. Houser, Inc.*, 204 S.W.3d at 841, *citing City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We must credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.*, *citing City of Keller*, 168 S.W.3d at 827; *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 910 (Tex.App.--Houston [14th Dist.] 2005, no pet.). Finally, we must determine whether the evidence before the trial court would enable reasonable and fair-minded people to find the facts at issue. *Id.* We also bear in mind that the fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.*

In reviewing the factual sufficiency of the evidence, we consider all of the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Texas Custom Pools, Inc.*, 2009 WL 656280 at *4. If a party is attacking the factual sufficiency of an issue upon which it had the burden of proof, it must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Marrs and Smith Partnership v. D.K. Boyd Oil and Gas Co., Inc.*, 223 S.W.3d 1, 14 (Tex.App.--El Paso 2005, pet. denied). In reviewing a factual sufficiency issue, we must first examine the record to determine if there is some evidence to support the finding; if so, then we must determine whether the failure to

find is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Texas Custom Pools, Inc.*, 2009 WL 656280 at *4.

Dr. Newsome argues the trial court erred in failing to make a net worth determination because Rule 24.2(c)(3) plainly requires this finding. But the same rule places the burden on Dr. Newsome to prove her net worth with credible evidence. *See* TEX.R.APP.P. 24.2(c)(3). It is true Dr. Newsome introduced testimony at the January 2009 hearing and documentary evidence at the August 2009 hearing in an effort to prove her total assets and liabilities. The trial court, however, specifically found that Dr. Newsome's evidence of her assets was not credible because she had not included her medical practice as an asset, she had placed a low valuation on her personal property, and she had failed to account for $600,000 in income after expenses for the three previous years. Thus, the court determined it could not make a net worth finding and set the supersedeas bond at the approximate sum of the compensatory damages, interest, and costs as required by Rule 24.2(a)(1) and Section § 52.006(a).[6] Dr. Newsome asserts that she should not be required to account for every penny spent in order to establish her net worth. We generally agree that a party is not required to account for every penny spent when establishing net worth, but a trial court has the discretion to consider whether the assets and liabilities listed by a party are accurate in light of all the evidence. It was reasonable for the trial court to question Dr. Newsome's credibility regarding her claimed total assets given the other evidence available for the court's consideration, including the evidence of her income and expenses, the variance between her first and second affidavits, and the valuation she

---

[6] Dr. Newsome argues incorrectly in her motion that the trial court's order can be upheld only if her net worth is $500,000. To the contrary, Section 52.006(a) and Rule 24.2(a)(1) requires that the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX.R.APP.P. 24.2(a)(1); TEX.CIV.PRAC.&REM.CODE ANN. § 52.006(a).

placed on her personal property in light of the insured value. We therefore conclude that Dr. Newsome has failed to establish that there is no evidence supporting the trial court's determination that a net worth finding could not be made. Further, Dr. Newsome has not shown that the trial court's determination is against the great weight and preponderance of the evidence. Consequently, the trial court did not abuse its discretion by setting the bond at $250,000 in accordance with Rule 24.2(a)(1) and Section 52.006(a). For these reasons, we deny the relief sought in Dr. Newsome's motion and affirm the trial court's order. We also deny NTNC's request for sanctions and set aside our prior order staying execution of the judgment.

November 9, 2009

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.