

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00372-CV

## IN RE THE ESTATE OF PEGGY BARTON, DECEASED

**From the County Court at Law No. 1**
**Johnson County, Texas**
**Trial Court No. P200819511**

## MEMORANDUM OPINION

Harold Barton appeals the trial court's judgment denying his application for probate of a holographic will written by his wife, Peggy Barton. The trial court made a finding that the proposed will did not demonstrate testamentary intent and therefore denied the application for probate of that writing. Because we find that the trial court's findings of fact are supported by the record with legally and factually sufficient evidence, we affirm the judgment of the trial court.

Attached to the application for probate of the estate of Peggy Barton was a document that stated the following:

1-19-07

I am leaving my house & property at 3420 Wild Oaks Ct., Burleson, TX 76028 as follows
½ to my husband Harold Barton

¼ to my daughter Terri Rocha
¼ to my grandaughter [sic] Lucy Rocha

My personal items furniture, pictures prior to my 1st marriage such as jewelry, mink coat, clothes, what nots to Terri Rocha and Lucy Rocha

My car Olds Auroa [sic] to my husband Harold Barton

My motorcycle to my husband Harold Barton.

/s/ Peggy Barton

After conducting a hearing during which Harold Barton, Terri Rocha, and Peggy Barton's sister-in-law Patricia Brown testified, the trial court determined that the document offered for probate was not prepared by Peggy Barton with testamentary intent.

Harold's sole issue on appeal is the trial court's determination that the document attached to the application for probate's language "I am leaving" establishes Peggy's testamentary intent, and that the trial court erred in finding to the contrary.

*Legal and Factual Sufficiency*

Harold had the burden to prove the January 1997 holographic document was executed with testamentary intent and was therefore, Peggy's will. By attacking the legal sufficiency of an adverse finding on an issue on which Harold has the burden of proof, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). In reviewing a "matter of law" challenge, we must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690. If

there is no evidence to support the finding, we then examine the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem. Co.*, 46 S.W.3d at 241; *Sterner*, 767 S.W.2d at 690. We may sustain the point of error only if the contrary proposition is conclusively established. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983).

By attacking the factual sufficiency of an adverse finding on an issue on which he has the burden of proof, Harold must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co.*, 46 S.W.3d at 242; *Croucher*, 660 S.W.2d at 58. We are required to consider and weigh all of the evidence, and we can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co.*, 46 S.W.3d at 242; *see Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). In doing so, we must "detail the evidence relevant to the issue" and "state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict." *Pool*, 715 S.W.2d at 635.

### Testamentary Intent

A document is not a will unless it is executed with testamentary intent. *Hinson v. Hinson*, 154 Tex. 561, 280 S.W.2d 731, 733 (Tex. 1955); *Cason v. Taylor*, 51 S.W.3d 397, 405 (Tex. App.—Waco 2001, no pet.). The intent required is to make a revocable disposition of property to take effect after the testator's death. *Cason*, 51 S.W.3d at 405. Intent is to be determined by the language of the document and extrinsic evidence may be admitted to explain the decedent's meaning which is set forth in the words of the

document.  *Cason*, 51 S.W.3d at 405; *see also Anderson v. Dubel*, 580 S.W.2d 404, 408 (Tex. Civ. App.—San Antonio 1979, writ ref'd n.r.e.) (where language in instrument is ambiguous, parol evidence admissible to show testamentary intent).

"To give the instrument the legal effect either of a will or other revocation of former wills it must be written and signed with the present intention to make it a will or revocation." *Brackenridge v. Roberts*, 114 Tex. 418, 267 S.W. 244, 246 (Tex. 1924); *see also Hinson*, 280 S.W.2d at 733.  "It is essential . . . that the maker shall have intended to express his testamentary wishes in the particular instrument." *Hinson*, 280 S.W.2d at 733.  This concept has been explained to mean that in order for a document to possess the requisite testamentary intent, it must be evident that the testator intended that the very document at issue was to be the instrument that actually makes the disposition of the testator's estate.  *See Brackenridge*, 267 S.W. at 246; *Hinson*, 280 S.W.2d at 735-36.

Where the evidence does not conclusively establish the testamentary intent of the drafter of a document providing for the disposition of the drafter's property, and where the intent is to be determined from all the facts and circumstances of the case, the existence or nonexistence of such an intent must be determined by the finder of fact. *Hinson*, 280 S.W.2d at 735.  When the issue is tried to the court, the finding of the trial court on the issue is conclusive. *Id*.

In its findings of fact, the trial court made the following finding:  "The handwritten document dated January 17, 2007, offered for probate in this cause by Harold Barton, was not prepared with testamentary intent by the Decedent."  During the hearing on the issue of Peggy's testamentary intent, the trial court received

testimony that Peggy told others that she did not have a will and that she did not intend to make a will on multiple occasions after the execution of the document in question and shortly prior to her death in December of 2007.[1]  Peggy also had told her sister-in-law that Harold was pressuring her into making a will and that although she did not want to, she had made several proposals which he read and threw away.  Peggy further told her sister-in-law that Harold had retrieved one of them from the trash and put it where she could not find it.  Another document, verified to be in Peggy's handwriting but undated and unsigned, was admitted into evidence detailing a division of her home into thirds between Harold, Terri, and Lucy.

The language used in the document could properly be construed in more than one way using its common meanings as to whether it demonstrates testamentary intent. *See Brackenridge*, 267 S.W. at 246 (fact question whether document intended to be a last will or "a mere penciled memorandum").  Therefore, whether the document in question as a whole is the document Peggy intended to be her will is a fact question to be determined by the trial court.  Using the proper standards for legal and factual sufficiency as recited above, we find that the evidence was legally and factually sufficient for the trial court to determine that the specific document offered for probate did not demonstrate Peggy's testamentary intent and that she did not intend that specific document to be her will.  We overrule Harold's sole issue.

---

[1] Harold does not complain on appeal about the admission of the testimony or exhibits during the hearing; therefore, any complaint regarding the admission of testimony on the issue of testamentary intent is not properly before us.  *See* TEX. R. APP. P. 38.1(i).

*Conclusion*

We find that the document offered for probate by Harold Barton and the testimony admitted surrounding its execution create a fact question regarding Peggy Barton's testamentary intent. We find that the evidence was legally and factually sufficient to support the findings of the trial court. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed December 30, 2009
[CV06]