IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00372-CV

 

In re
the Estate of Peggy Barton, Deceased

 

 



From the County Court at Law No.
1

Johnson County, Texas

Trial Court No. P200819511

 



MEMORANDUM  Opinion










 

            Harold Barton appeals the trial
court’s judgment denying his application for probate of a holographic will
written by his wife, Peggy Barton.  The trial court made a finding that the
proposed will did not demonstrate testamentary intent and therefore denied the
application for probate of that writing.  Because we find that the trial
court’s findings of fact are supported by the record with legally and factually
sufficient evidence, we affirm the judgment of the trial court.

            Attached to the application for
probate of the estate of Peggy Barton was a document that stated the following:

1-19-07

 

I am leaving my house & property at 3420 Wild
Oaks Ct., Burleson, TX 76028 as follows

½ to my husband Harold Barton

¼ to my daughter Terri Rocha

¼ to my grandaughter [sic] Lucy Rocha

 

My personal items furniture, pictures prior to my
1st marriage such as jewelry, mink coat, clothes, what nots to Terri
Rocha and Lucy Rocha

 

My car Olds Auroa [sic] to my husband Harold
Barton

 

My motorcycle to my husband Harold Barton.

 

/s/ Peggy Barton

 

            After conducting a hearing during
which Harold Barton, Terri Rocha, and Peggy Barton’s sister-in-law Patricia
Brown testified, the trial court determined that the document offered for
probate was not prepared by Peggy Barton with testamentary intent.

            Harold’s sole issue on appeal is the
trial court’s determination that the document attached to the application for
probate’s language “I am leaving” establishes Peggy’s testamentary intent, and
that the trial court erred in finding to the contrary.

Legal and Factual Sufficiency

            Harold had the burden to prove the
January 1997 holographic document was executed with testamentary intent and was
therefore, Peggy’s will.  By attacking the legal sufficiency of an adverse
finding on an issue on which Harold has the burden of proof, he must demonstrate
on appeal that the evidence establishes, as a matter of law, all vital facts in
support of the issue.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001); Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).  In
reviewing a “matter of law” challenge, we must first examine the record for
evidence that supports the finding, while ignoring all evidence to the
contrary.  Sterner, 767 S.W.2d at 690.  If there is no evidence to
support the finding, we then examine the entire record to determine if the
contrary proposition is established as a matter of law.  Dow Chem. Co.,
46 S.W.3d at 241; Sterner, 767 S.W.2d at 690.  We may sustain the point
of error only if the contrary proposition is conclusively established.  Croucher
v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983).

By attacking the factual
sufficiency of an adverse finding on an issue on which he has the burden of
proof, Harold must demonstrate that the adverse finding is against the great
weight and preponderance of the evidence.  Dow Chem. Co., 46 S.W.3d at
242; Croucher, 660 S.W.2d at 58.  We are required to consider and weigh
all of the evidence, and we can set aside a verdict only if the evidence is so
weak or if the finding is so against the great weight and preponderance of the
evidence that it is clearly wrong and unjust.  Dow Chem. Co., 46 S.W.3d
at 242; see Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).  In doing so, we must “detail the evidence relevant to the issue” and “state in
what regard the contrary evidence greatly outweighs the evidence in support of
the verdict.”  Pool, 715 S.W.2d at 635.

Testamentary Intent

A document is not a will unless it is executed
with testamentary intent. Hinson v. Hinson, 154 Tex. 561, 280 S.W.2d
731, 733 (Tex. 1955); Cason v. Taylor, 51 S.W.3d 397, 405 (Tex. App.—Waco 2001, no pet.).  The intent required is
to make a revocable disposition of property to take effect after the testator's
death.  Cason, 51 S.W.3d at 405.  Intent is to be determined by the
language of the document and extrinsic evidence may be admitted to explain the
decedent's meaning which is set forth in the words of the document.  Cason,
51 S.W.3d at 405; see also Anderson v. Dubel, 580 S.W.2d
404, 408 (Tex. Civ. App.—San Antonio 1979, writ ref'd n.r.e.) (where language
in instrument is ambiguous, parol evidence admissible to show testamentary
intent).

“To give the instrument the legal effect
either of a will or other revocation of former wills it must be written and
signed with the present intention to make it a will or revocation.” 
Brackenridge v. Roberts, 114 Tex. 418, 267 S.W. 244, 246 (Tex. 1924); see
also Hinson, 280 S.W.2d at 733.  “It is essential . . . that the maker
shall have intended to express his testamentary wishes in the particular
instrument.”  Hinson, 280 S.W.2d at 733.  This concept has been explained to mean that
in order for a document to possess the requisite testamentary intent, it must
be evident that the testator intended that the very document at issue was to be
the instrument that actually makes the disposition of the testator's estate.  See
Brackenridge, 267 S.W. at 246; Hinson, 280 S.W.2d at 735-36.

Where the evidence does not conclusively establish
the testamentary intent of the drafter of a document providing for the
disposition of the drafter's property, and where the intent is to be determined
from all the facts and circumstances of the case, the existence or nonexistence
of such an intent must be determined by the finder of fact.  Hinson, 280
S.W.2d at 735.  When the issue is tried to the court, the finding of the trial
court on the issue is conclusive.  Id.

            In its findings of fact, the trial
court made the following finding:  “The handwritten document dated January 17,
2007, offered for probate in this cause by Harold Barton, was not prepared with
testamentary intent by the Decedent.”  During the hearing on the issue of
Peggy’s testamentary intent, the trial court received testimony that Peggy told
others that she did not have a will and that she did not intend to make a will
on multiple occasions after the execution of the document in question and
shortly prior to her death in December of 2007.[1] 
Peggy also had told her sister-in-law that Harold was pressuring her into
making a will and that although she did not want to, she had made several
proposals which he read and threw away.  Peggy further told her sister-in-law
that Harold had retrieved one of them from the trash and put it where she could
not find it.  Another document, verified to be in Peggy’s handwriting but
undated and unsigned, was admitted into evidence detailing a division of her
home into thirds between Harold, Terri, and Lucy.

            The language used in the document
could properly be construed in more than one way using its common meanings as
to whether it demonstrates testamentary intent.  See Brackenridge, 267
S.W. at 246 (fact question whether document intended to be a last will or “a
mere penciled memorandum”).  Therefore, whether the document in question as a
whole is the document Peggy intended to be her will is a fact question to be
determined by the trial court.  Using the proper standards for legal and
factual sufficiency as recited above, we find that the evidence was legally and
factually sufficient for the trial court to determine that the specific
document offered for probate did not demonstrate Peggy’s testamentary intent
and that she did not intend that specific document to be her will.  We overrule
Harold’s sole issue.

 

Conclusion

            We find that the document offered for probate by Harold Barton and
the testimony admitted surrounding its execution create a fact question
regarding Peggy Barton’s testamentary intent.  We find that the evidence was
legally and factually sufficient to support the findings of the trial court. 
We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed December 30, 2009

[CV06]









[1]
Harold does not complain on appeal about the admission of the testimony or
exhibits during the hearing; therefore, any complaint regarding the admission
of testimony on the issue of testamentary intent is not properly before us.  See
Tex. R. App. P. 38.1(i).