James E. **STERNER,** Petitioner,

v.

**MARATHON OIL COMPANY,**
Respondent.

No. C–7507.

Supreme Court of Texas.

March 8, 1989.

Rehearing Denied April 12, 1989.

---

1. Enough is enough.

Gordon E. Davenport, Jr., Brown, Davenport & Apffel, Alvin, for petitioner.

Wade Williams, Fulbright & Jaworski, Carla J. Bishop & Evelyn J. Pulliam, Marathon Oil Co., Houston, for respondent.

DOGGETT, Justice.

Petitioner James Sterner sued Marathon Oil Company for tortious interference with his terminable at will employment contract. Based upon jury findings, the trial court rendered judgment in favor of Sterner. The court of appeals reversed and rendered a take nothing judgment. 745 S.W.2d 420. This appeal presents three issues: (1) whether a cause of action exists for tortious interference with a contract when employment is terminable at will, (2) who has the burden of proving whether termination was justified or excused and (3) what is the correct standard for reviewing the jury's failure to find legal justification or excuse.

In 1975, while employed by a construction company, Sterner claimed that he was injured on Marathon's premises as a result of gas inhalation. He filed suit against Marathon to recover for injuries suffered.

That lawsuit was tried in 1980, some nine months prior to the events giving rise to the present lawsuit. Rejecting Marathon's defense that Sterner was not injured from gas inhalation, the jury found that Marathon was responsible for $25,000 in damages to Sterner.

In November, 1980, Marathon entered into a contract with Ford, Bacon & Davis (F, B & D) to build a hot oil treating plant at Marathon's refinery. F, B & D, an independent contractor, had been working for almost a year when the union local sent Sterner to the job. On his second day of work, Sterner became ill and was departing early. Sterner testified that as he passed by one of Marathon's safety personnel, the following conversation took place: "And he asked me what I was doing out there, and I told him, 'I am working.' And he stated to me, not if he had anything to say about it." Upon returning for work the next day, Sterner was dismissed. His payroll termination notice or "pink slip" from F, B & D gave as the sole reason, "per Marathon's directive."

At the trial for tortious interference with a contract, Marathon denied it had instructed F, B & D to fire Sterner. Rather Marathon maintained that it simply did not want Sterner working at its refinery, since he was physically unable to do the work required.

In its opinion, the court of appeals detailed Sterner's extensive medical history as reflected at his prior trial. 745 S.W.2d at 421–22. As a result of injuries received at the Marathon refinery in 1975, Sterner had testified to chest pains, difficulty breathing and climbing, dizziness and light headedness, all of which continued into 1980. However, the jury failed to find that Marathon acted with legal justification or excuse.

## TORTIOUS INTERFERENCE WITH A CONTRACT TERMINABLE AT WILL

■ The court of appeals properly held that a cause of action exists for tortious interference with a contract of employment terminable at will. 745 S.W.2d at 422. We

affirm the judgment of the court of appeals on this issue.

In support of its claim that no such cause of action exists when employment is terminable at will, Marathon cites *Davis v. Alwac International, Inc.,* 369 S.W.2d 797 (Tex.Civ.App.—Beaumont 1963, writ ref'd n.r.e.). That case involved defendants who induced a corporation, in which they were major shareholders, to fire the plaintiff. In rejecting the employee's claim of interference, the *Davis* court noted the defendants' economic involvement and belief that continued employment of plaintiff was to their disadvantage. *Id.* at 802. *Davis* does not unequivocally preclude an action for tortious interference with terminable at will contracts, but rather denies recovery when the alleged wrongdoer holds a privilege to interfere based upon a superior economic interest.

■ Texas law protects existing as well as prospective contracts from interference. *C F & I Steel Corp. v. Pete Sublett & Co.,* 623 S.W.2d 709, 715 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Harshberger v. Reliable–Aire, Inc.,* 619 S.W.2d 478, 481 (Tex.Civ.App.—Corpus Christi 1981, writ dism'd w.o.j.) We have held that the unenforceability of a contract is no defense to an action for tortious interference with its performance. *Clements v. Withers,* 437 S.W.2d 818, 821 (Tex.1969). A promise may be a valid and subsisting contract even though it is voidable. *See* Restatement (Second) of Contracts § 7 (1981). Thus third persons are not free to interfere tortiously with performance of the contract before it is avoided. A similar situation exists with regard to contracts terminable at will. Until terminated, the contract is valid and subsisting, and third persons are not free to tortiously interfere with it. Restatement (Second) of Torts § 766 comment g (1979). The overwhelming majority of courts have held accordingly. W. PROSSER & W. KEETON, THE LAW OF TORTS § 129 at 995–96 (5th ed. 1984). We therefore hold that the terminable-at-will status of a contract is no defense to an action for tortious interference with its performance.

## THE BURDEN OF PROVING LEGAL JUSTIFICATION OR EXCUSE

At trial, Marathon accepted the burden of proof by insisting that the trial court submit the issue of legal justification or excuse as an affirmative defense. In so doing, it apparently relied upon a substantial body of authority which supports the contention that legal justification or excuse is properly regarded as an affirmative defense. *See Bellefonte Underwriters Ins. Co. v. Brown,* 663 S.W.2d 562, 573 (Tex. App.—Houston [14th Dist.] 1983), *rev'd on other grounds,* 704 S.W.2d 742 (Tex.1986); *Armendariz v. Mora,* 553 S.W.2d 400, 405 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r. e.); *Tippett v. Hart,* 497 S.W.2d 606, 613 (Tex.Civ.App.—Amarillo), *writ ref'd n.r.e.,* 501 S.W.2d 874 (Tex.1973); 45 Am.Jur.2d, Interference § 27 (1969).

■ Many of our sister states hold that a claim of legal justification or excuse in the interference of contractual relations is an affirmative defense upon which the defendant has the burden of proof. *Alyeska Pipeline Serv. Co. v. Aurora Air Serv. Inc.,* 604 P.2d 1090, 1095 (Alaska 1979); *Chanay v. Chittenden,* 115 Ariz. 32, 563 P.2d 287, 292 (1977); *Herron v. State Farm Mut. Ins. Co.,* 56 Cal.2d 202, 14 Cal.Rptr. 294, 296, 363 P.2d 310, 312 (1961); *Owen v. Williams,* 322 Mass. 356, 77 N.E.2d 318, 321 (1948); *Wilkinson v. Powe,* 300 Mich. 275, 1 N.W.2d 539, 542 (1942); *Bennett v. Storz Broadcasting Co.,* 270 Minn. 525, 134 N.W.2d 892, 901 (1965); *Smith Dev. Corp. v. Bilow Enter. Inc.,* 112 R.I. 203, 308 A.2d 477, 482 (1973); *Duggin v. Adams,* 234 Va. 221, 360 S.E.2d 832, 838 (1987); *Mitchell v. Aldrich,* 122 Vt. 19, 163 A.2d 833, 836 (1960); *Scymanski v. Dufault,* 80 Wash.2d 77, 491 P.2d 1050, 1056 (1971); *see also Forro Precision, Inc. v. I.B.M. Corp.,* 673 F.2d 1045, 1053 n. 3 (9th Cir.1982), *cert. denied,* 471 U.S. 1130, 105 S.Ct. 2664, 86 L.Ed.2d 280 (1985); *Israel v. Wood Dolson Co.,* 1 N.Y.2d 116, 134 N.E. 2d 97, 151 N.Y.S.2d 1 (1956). This is because legal justification or excuse is treated as a type of privilege. The party asserting this privilege does not deny the inter-

ference but rather seeks to avoid liability based upon a claimed interest that is being impaired or destroyed by the plaintiff's contract. Such defenses, which constitute a confession and avoidance, are affirmative in nature. TEX.R.CIV.P. 94. Therefore, we conclude that the privilege of legal justification or excuse in the interference of contractual relations is an affirmative defense upon which the defendant has the burden of proof.

In *Sakowitz, Inc. v. Steck*, 669 S.W.2d 105, 107 (Tex.1984), this court was divided on this same issue. A majority believed that lack of justification or excuse should be viewed as an element of the plaintiff's right of recovery, while the dissent viewed it as an affirmative defense. Upon further reflection, we hold that this issue should be treated as an affirmative defense, as both parties in the instant case agreed during oral argument. To the extent that they are in conflict with this opinion, we overrule *Sakowitz*, 669 S.W.2d at 107, and *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80, 91 (Tex.1976), and disapprove of those decisions of the courts of appeals placing the burden upon the plaintiff. *See e.g., Rural Dev. Inc. v. Stone*, 700 S.W.2d 661, 666–67 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Terry v. Zachry*, 272 S.W.2d 157, 159 (Tex.Civ. App.—San Antonio 1954, writ ref'd n.r.e.).

## STANDARD FOR REVIEWING LEGAL JUSTIFICATION OR EXCUSE

After undertaking the burden of proving its privilege to interfere in the contract between Sterner and F, B & D, Marathon failed to obtain an affirmative jury finding. By point of error to the court of appeals, Marathon contended that there was no evidence or, alternatively, insufficient evidence to support what it termed as the jury's finding that Marathon's interference was *not* justified or legally excused. Agreeing that there was no evidence to support the jury's negative answer on this issue, the court of appeals reversed the trial court and rendered judgment that Sterner take nothing. We reverse the judgment of the court of appeals on this issue.

The court of appeals treated the jury's *failure to find* that Marathon acted with justification or excuse as a finding by the jury that Marathon acted *without* justification or excuse. That is a misinterpretation of both the issue and the answer. Properly interpreted, the answer represents only a refusal by the jury to find from a preponderance of the evidence that Marathon acted *with* justification or excuse, and means, in law, that the defendant failed to carry its burden of proof. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex. 1966).

■ Although Marathon erroneously complained that there was no evidence to support the jury's non-finding, it is our practice to construe liberally points of error in order to obtain a just, fair and equitable adjudication of the rights of the litigants. *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex. 1982). Since Marathon is attacking the adverse finding to an issue upon which it had the burden of proof, the court of appeals should have treated Marathon's point of error as if it were asserting that it had established justification or excuse *as a matter of law*. *Id.* However, in applying a "no evidence" standard of review, the court of appeals considered only that evidence and the reasonable inferences therefrom tending to support the jury's "finding," and disregarded all contrary evidence, as required by *King v. Bauer*, 688 S.W.2d 845, 846 (Tex.1985). This review, alone, cannot be the basis for establishing an issue as a matter of law.

■ A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. First, the record must be examined for evidence that supports the jury's finding, while ignoring all evidence to the contrary. Second, if there is no evidence to support the fact finder's answer, then, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Holley*, 629 S.W.2d at 696; *Texas & N.O.R. Co. v. Burden*, 146 Tex. 109, 203 S.W.2d 522 (1947).

Under the defense of legal justification or excuse, one is privileged to interfere with another's contract (1) if it is done in a bona fide exercise of his own rights, or (2) if he has an equal or superior right in the subject matter to that of the other party. *Sakowitz*, 669 S.W.2d at 109; *Black Lake Pipe Line Co.*, 538 S.W.2d at 91; *Morris v. Jordan Financial Corp.*, 564 S.W.2d 180, 184 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

We will first review the evidence with regard to the issue of whether Marathon's interference was done in a "bona fide exercise of its own rights." Sterner produced evidence at trial that he was terminated "per Marathon's directive" because he was on a list of people who were not authorized to come into its plant. The deposition testimony of J.A. Burks, construction superintendent for F, B & D, indicates that Sterner was not fired because of inadequate job performance. This evidence, coupled with Sterner's testimony regarding his conversation with one of Marathon's safety personnel, constitutes some evidence that Marathon's interference was not done in the bona fide exercise of its own rights. Therefore, our inquiry with regard to this issue need go no further.

We now turn to the issue of whether Marathon possessed an equal or superior right to that of Sterner in the subject matter of his employment contract. The construction contract between Marathon and F, B & D provides: "In the performance of all work, [F, B & D] is an independent contractor with sole right to supervise, manage, control and direct the performance of the details. Marathon is interested only in the results to be obtained...." This contract, admitted into evidence, is some evidence that Marathon did not possess an equal or superior right to that of Sterner in the subject matter of his employment contract. Because there is also some evidence its management directly ordered Sterner's dismissal, Marathon's action went beyond an assertion of its right to control the premises. We conclude, therefore, that Marathon failed to establish its affirmative defense of legal justification or excuse as a matter of law.

We affirm the court of appeals' holding that the terminable-at-will status of a contract is no defense to an action for tortious interference with its performance. We reverse its ruling that there is no evidence to support the jury's failure to find that Marathon acted with legal justification or excuse. This cause is remanded to the court of appeals for a determination of whether the jury's failure to find that Marathon acted with legal justification or excuse is against the great weight and preponderance of the evidence.