Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-07-00610-CV

Robert P. **WILSON**,
Appellant

v.

Enrique "Rick" **DOVALINA** and Dovalina & Eureste, L.L.P.,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CI-18575
Honorable Lori Massey, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Justice
        Sandee Bryan Marion, Justice
        Rebecca Simmons, Justice

Delivered and Filed:  July 16, 2008

AFFIRMED

This is a dispute between lawyers over a fee-sharing agreement. We affirm the judgment of the trial court.

## BACKGROUND

In 2002, auto dealer Rick Perez asked his attorney, Appellant Robert P. Wilson, to evaluate claims, including some involving allegations of racial discrimination, that Perez might have against Daimler Chrysler arising out of a dealership Perez owned in Galveston County. Perez also contacted Appellee Enrique Dovalina, an attorney with Appellee Dovalina & Eureste, LLP (Dovalina and

Dovalina & Eureste are collectively referred to as "Dovalina"), to assist with the litigation. Dovalina is past president of the League of United Latin American Citizens ("LULAC").

Perez filed a lawsuit against Chrysler in Galveston sometime in mid-2003. On at least some of the pleadings, both Wilson and Dovalina are listed as Perez's counsel. In August 2003, Wilson sent Dovalina a letter confirming that "we have agreed to pay you 10% of the attorney's fees for your assistance in relation to your assistance with Rick Perez'[s] case against Chrysler." Because some of Perez's claims involved alleged breaches of Texas statutes regulating franchise relationships between auto manufacturers and dealers, the lawsuit was abated while Perez pursued administrative remedies in the Texas Department of Transportation, Motor Vehicle Board. In 2004, while those matters were being litigated in the administrative proceeding, Perez and Chrysler settled.

Upon learning of the settlement, Dovalina contacted Wilson to request his portion of the attorney's fees. Wilson sent Dovalina a letter informing Dovalina that, because Perez terminated Dovalina as counsel before the settlement was reached, Dovalina was not entitled to any fees. Wilson and Perez then filed suit in Bexar County seeking a declaration that Dovalina breached the agreement and was not entitled to any fees. Dovalina counter-claimed for breach of contract. After a bench trial, the trial court entered judgment against Wilson only, awarding Dovalina damages of $56,725.00 and attorney's fees of $10,000.00. Wilson appealed from this judgment, asserting that: (1) there is no evidence to support the trial court's findings that the fee agreement was between Wilson and Dovalina only and was valid despite the absence of written consent from Perez; (2) the evidence conclusively established that Dovalina breached the agreement; and (3) the evidence conclusively established Wilson's affirmative defense of fraud in the inducement.

**STANDARD OF REVIEW**

A trial court's findings of fact are reviewed for legal sufficiency under the same standards as no-evidence challenges to a jury verdict. *See Oritz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). Where a party contests the legal sufficiency of a finding about which it did not have the burden of proof, the appellant must demonstrate that there is no evidence to support the finding. *La. Pac. Corp. v. Holmes*, 94 S.W.3d 834, 838 (Tex. App.—San Antonio 2002, pet. denied). In reviewing a no-evidence issue, the appellate court considers "all the evidence in the light most favorable to the prevailing party and every reasonable inference deducible from the evidence is indulged in that party's favor." *Assoc. Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285-86 (Tex. 1998).

When a party bearing the burden of proof on an issue asserts that the evidence conclusively established the critical facts such that the finding was established as a matter of law, the reviewing court examines the record for evidence that supports the court's refusal to find that fact. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). If there is evidence supporting the court's refusal to find the fact, the inquiry ends; but if there is no evidence to support the refusal, then the entire record must be examined to determine if the contrary proposition is established as a matter of law. *Id.*

We review de novo a trial court's conclusions of law. *Benedictine Sisters of the Good Shepherd v. Ellison*, 956 S.W.2d 629, 631 (Tex. App.—San Antonio 1997, pet. denied).

**ANALYSIS**

**A.     Fee Agreement – Former Rule 1.04**

The trial court found that the fee agreement was between Wilson and Dovalina, and only Wilson could terminate the agreement, not Perez. Wilson asserts that there is no evidence to support

this finding.  He argues that the fee agreement was dependent on Perez's written consent and the fee agreement ceased to be valid after Perez allegedly terminated Dovalina's representation of him.

The trial court assessed the fee agreement's validity under the version of Rule 1.04(f) of the Texas Disciplinary Rules of Professional Conduct in effect at the time the agreement was reduced to writing.  That rule stated:

> A division or agreement for division of a fee between lawyers who are not in the same firm shall not be made unless:
> (1)    the division is:
>        (i)      in proportion to the professional services performed by each lawyer;
>        (ii)     made with a forwarding lawyer; or
>        (iii)    made, by written agreement with the client, with a lawyer who assumes joint responsibility for the representation;
> (2)    the client is advised of, and does not object to, the participation of all the lawyers involved; and
> (3)    the aggregate fee does not violate paragraph (a) [which prohibits lawyers from charging an unconscionable fee].

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(f) (Vernon 2005) (former version) (current version can be found in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp. 2007)).[1]

Wilson asserts that this rule reflects a public policy that once a client terminates an attorney, any agreement to share fees with that attorney also terminates.  *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 205 (Tex. 2002) (stating that under Rule 1.04, there can be no fee-sharing arrangement absent client's knowledge and consent).  Here, however, there is evidence supporting the trial court's determination that Perez knew about and consented to the fee-sharing arrangement. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(f)(2).  Evidence also supports the trial court's other findings related to Rule 1.04:  that the fee agreement was proportional to the work Dovalina

---

[1] All citations to the Texas Disciplinary Rules of Professional Conduct are to the version in effect at the time of the agreement.

performed;[2] and that the fee agreement was not unconscionable. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(f)(1)(i); 1.04(f)(3).

The trial court further concluded, and we agree, that while Perez was free to withdraw his consent to have Dovalina represent him, there was no contract regarding division of attorneys' fees between Perez and Dovalina. The agreement that Wilson would share a percentage of his fee with Dovalina was between Wilson and Dovalina only, and, therefore, only Wilson or Dovalina could terminate the fee agreement. *See Gibson v. Ellis*, 126 S.W.3d 324, 329 (Tex. App.—Dallas 2004, no pet.). There is some evidence to support the trial court's finding that Wilson never attempted to fire Dovalina or retract the agreement until after the settlement was made. Accordingly, Wilson's no-evidence challenge to the existence of a valid agreement between Wilson and Dovalina is without merit.

Citing Rule 1.04(d), Wilson also asserts that the validity of the fee-sharing agreement is dependent on a written agreement between Perez and Dovalina that Dovalina shall recover a contingent fee for representing Perez. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(d) (contingent fee agreement must be in writing to be valid). Rule 1.04(d) is inapplicable because Dovalina did not contract to recover a contingent fee, or any fee, from Perez. *Gibson*, 126 S.W.3d at 329. To the contrary, Dovalina contracted with Wilson to receive a contingent portion of Wilson's fees, and that contract satisfied the Rule 1.04(d) requirement that it be in writing.

## B. Breach of the Fee Agreement

Citing *Mustang Pipeline Co. Inc. v. Driver Pipeline Co. Inc.*, 134 S.W.3d 195, 196 (Tex. 2004), Wilson contends that the evidence conclusively established that Dovalina breached the fee-

---

[2] That work included reviewing and signing pleadings, attending a deposition, monitoring the status of the case, and traveling to Seattle with Wilson to investigate the case prior to filing.

sharing agreement by failing to perform and, therefore, cannot enforce any right to fees he has under the agreement. However, as previously noted, there is legally sufficient evidence to support the trial court's finding that Dovalina provided services proportionate to his role in the litigation. We, therefore, overrule this issue.

## C.     Fraud in the Inducement

Finally, Wilson argues that the evidence conclusively established that Dovalina fraudulently induced Perez to consent to the fee-sharing agreement and, therefore, Wilson's performance under the agreement was excused. A contract induced by fraud is voidable and relieves the defrauded party from performing under the contract. *Harris v. Archer*, 134 S.W.3d 411, 427 (Tex. App.—Amarillo 2004, pet. denied). The alleged fraud-in-the-inducement was Dovalina's purported representations that he would use his connections with LULAC to influence Chrysler to settle, when Dovalina knew that LULAC rules and regulations prevented him from using his influence as past president of LULAC for private gain.

However, even assuming that the agreement between Wilson and Dovalina was predicated on Perez's understanding that Dovalina would use LULAC-derived influence on Perez's behalf,[3] there is still evidence to support the trial court's finding that there was no fraudulent inducement. One of the elements of a fraudulent inducement claim is reliance. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex. 1977). Perez testified that he expressed moral misgivings to Wilson about the idea of paying Dovalina to use his LULAC connections to influence Chrysler. Perez also testified to significant personal involvement with LULAC, supporting an inference that he knew in general terms what LULAC members could and could not do. Thus, some evidence supports the

---

[3] The trial court found (and there is evidence) that Dovalina was hired to assist in the litigation, that he performed work consistent with what a local counsel would provide, and that having a past president of LULAC on the court pleadings provided a benefit to Perez. The trial court made no finding that Dovalina's efforts to secure LULAC's assistance with persuading Chrysler to settle was any part of the consideration supporting the agreement between Wilson and Dovalina.

trial court's finding that Perez did not rely on any alleged statements by Dovalina that he could use his influence with LULAC. This issue is overruled.

## CONCLUSION

The evidence is sufficient to support the trial court's findings in this case, and the trial court committed no legal errors warranting reversal. The judgment of the trial court is affirmed.

Rebecca Simmons, Justice