**In the MATTER OF the Expunction of J.F.**

**No. 08-15-00046-CV**

Court of Appeals of Texas, El Paso.

September 28, 2016

Ruben P. Morales, El Paso, TX, for Appellee.

Christina R. Sanchez, El Paso, TX, for Appellant.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice

Appellants, the County of El Paso, El Paso County Sheriff's Department, El Paso County Clerk's Office, El Paso District Attorney's Office, El Paso District Clerk's Office, Records Management and Archives, West Texas Community Supervision and Corrections Department (Probation), El Paso County Court Administration and the Jail Magistrate (collectively referred to as the County) appeal from an order granting J.F.'s petition for an expunction of records associated with an arrest for driving while intoxicated. We affirm.

## FACTUAL SUMMARY

The State of Texas charged Appellant with the offense of driving while intoxicated, but the State dismissed the case following J.F.'s successful completion of the Pre-Trial Diversion (PTD) program. On December 30, 2013, J.F. filed a petition to expunge the records related to the criminal case. In its answer, the County raised the affirmative defense of waiver.

At the hearing on the petition, the County introduced into evidence a copy of the PTD agreement between J.F. and the State. The agreement, which is titled, "WAIVER OF SPEEDY TRIAL AND WAIVER OF RIGHT OF EXPUNCTION AND VOLUNTARY AGREEMENT TO PARTICIPATE IN THE PRE-TRIAL DIVERSION PROGRAM," contains two distinct parts and two signature lines for the defendant. The first portion of the agreement provides:

I understand that I have an absolute right to a speedy trial as provided by the Texas Code of Criminal Procedure (T.C.C.P.) Article 1.0, Article I, Section 10 Texas Constitution, and the 6th Amendment of the United States Constitution.

I further understand that I have the right in accordance with Article 55.01, T.C.C.P. to have my criminal record expunged if I successfully complete the Pre-Trial Diversion (PTD) Program in accordance with Article 55.01, T.C.C.P.

I hereby agree to voluntarily waive my rights to a speedy trial and expunction as set out by Article 1.05 and 55.01, T.C.C.P., in accordance with Article 1.14 T.C.C.P., as conditions of my participation in the PTD Program.

The agreement contains a signature line for the defendant to sign immediately beneath these provisions, but J.F. did not place his signature on the line.

The second portion of the PTD agreement begins by setting forth the conditions of the defendant's participation in the PTD Program. These conditions are similar to the conditions of community supervision, e.g., reporting as instructing, committing no offense, maintaining a residence in El Paso County, avoiding the use of alcohol, and submitting to urine screening at the request of the caseworker. Beneath these conditions are the following provisions:

I understand that the term of my supervision will not be longer than one (1) year and that said term shall begin the date this Waiver and Agreement is signed and witnessed.

I understand that I may at any time, without consent of anyone, terminate my participation in the program.

I understand that a violation of any of the above conditions of the Pre-Trial Diversion Program can result in my termination from the program.

Termination from the program will result in my case being recommended for trial regardless of whether the termination is voluntary or involuntary.

I further understand that in consideration of my successful completion of the PreTrial Diversion Program, a recommendation for dismissal will be made to the El Paso County District Attorney's Office.

I have read (or had explained to me) and fully understand the above Waiver and Agreement, and I acknowledge receipt of a copy thereof.

Immediately beneath the second section of the agreement is a line for the signature of the defendant. J.F. placed his signature on this line.

J.F. testified that he did not intend to waive his right to an expunction by participating in PTD. Consequently, he intentionally did not place his signature on the first signature line immediately beneath the portion of the PTD agreement which addressed waiver of the statutory right to an expunction. Rejecting the County's argument that J.F. waived his right to an expunction by placing his signature at the bottom of the PTD agreement, the trial court granted J.F.'s petition for an expunction.

## AFFIRMATIVE DEFENSE OF WAIVER

■ In its sole issue on appeal, the County contends that the evidence is legally insufficient to support the trial court's order granting J.F.'s petition for an expunction. More specifically, it argues that the evidence is legally insufficient to support the trial court's finding that J.F. did not waive his right to an expunction. The trial court did not, precisely speaking, find that J.F. did not waive his right to an expunction. By granting the petition for expunction, the trial court impliedly found

that the County failed to prove its affirmative defense of waiver by a preponderance of the evidence. Consequently, the issue is more properly stated as a contention that the County proved its affirmative defense of waiver as "a matter of law." *See In re Estate of Livingston*, 999 S.W.2d 874, 879 (Tex.App.—El Paso 1999, no pet.); *see Sterner v. Marathon Oil Company*, 767 S.W.2d 686, 690 (Tex.1989).

■ When a party attacks the legal sufficiency of an adverse finding on an issue on which it bears the burden of proof, it must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001); *Sterner*, 767 S.W.2d at 690; *In re Livingston*, 999 S.W.2d at 879. A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *Sterner*, 767 S.W.2d at 690. First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690; *In re Livingston*, 999 S.W.2d at 879. Second, if there is no evidence to support the finding, then, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Sterner*, 767 S.W.2d at 690; *In re Livingston*, 999 S.W.2d at 879. Only if the contrary position is conclusively established will the issue be sustained. *In re Livingston*, 999 S.W.2d at 879–80.

The County acknowledges that J.F. did not place his signature beneath the portion of the PTD agreement which contains the waiver of the right to an expunction, but it argues that he nevertheless waived his right to an expunction by signing the bottom of the agreement. Citing *In the Matter of the Expunction of Arnold*, 34 S.W.3d 583, 585 (Tex.App.—El Paso 2000, no pet.), the County argues that we have previously upheld the validity of the waiver provision

set forth in an identical PTD agreement. *Arnold* is inapposite. In that case, the defendant signed the PTD agreement, but he argued that the waiver provision found in the PTD agreement was ambiguous. There is no question presented in this case regarding the validity or ambiguity of the waiver provision. The question is whether the County proved that J.F. waived his right to an expunction.

The PTD agreement contains two signature lines. The undisputed evidence reflects that J.F. did not place his signature on the line immediately beneath the waiver provision. There is no language in the second portion of the PTD agreement which can be read as waiving the statutory right to expunction. The word "waiver" is mentioned in the acknowledgement that the defendant has read (or had explained to him) and fully understands the waiver and agreement, but it cannot be read as affirmatively waiving the right to expunction. Given that J.F. did not sign the section of the PTD agreement which addressed waiver of the right to expunction, we conclude that there is some evidence supporting the trial court's finding that the County failed to prove its affirmative defense of waiver. We overrule the sole issue presented and affirm the order granting J.F.'s petition for expunction.