In the MATTER OF the
EXPUNCTION OF
K.G.

No. 08–15–00193–CV

Court of Appeals of Texas,
El Paso.

November 16, 2016

David A. Rutledge, El Paso, TX, for Appellant.

Jo Anne Bernal, County Attorney, El Paso, TX, for Appellee.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

STEVEN L. HUGHES, Justice

Appellant, K.G., appeals from an order denying her petition for expunction. We reverse and render.

## FACTUAL SUMMARY

K.G. filed a petition seeking to expunge the records related to her arrests for seven misdemeanor offenses:

(1) theft over $50 but less than $500 alleged to have been committed on October 14, 2009 (cause number 20090C11590);

(2) possession of less than two ounces of marihuana alleged to have been committed on May 15, 2010 (cause number 20110C00416);

(3) tampering with government records alleged to have been committed on May 15, 2010 (cause number 20100C11982);

(4) delivery of marihuana under one-fourth of an ounce alleged to have been committed on March 9, 2011 (cause number 20110C08568);

(5) possession of less than two ounces of marihuana alleged to have been committed on January 30, 2011 (cause number 20110C01647);

(6) possession of less than two ounces of marihuana alleged to have been committed on June 11, 2011 (warrant no. D11–05069–1); and

(7) disorderly conduct alleged to have been committed on May 25, 2005 (cause number 705–03814).

The El Paso County Attorney's Office initially filed an answer stating a general denial, but it filed an amended answer admitting that K.G. was entitled to an

expunction of the records for the seven offenses as alleged in her petition.

At the hearing, K.G. testified that she had not been on probation for any of the seven cases and she had not been convicted of a felony in the five years preceding each arrest. K.G. also presented uncontested evidence regarding the disposition of each case. The theft offense was dismissed on March 18, 2010. Two of the possession of marihuana offenses (cause numbers 20110C00416 and 20110C01647) and the tampering with a government record offense (cause number 20100C11982) were dismissed on June 14, 2011 because K.G. was convicted of another offense.[1] The delivery of marihuana offense was dismissed on November 15, 2011 because K.G. was convicted in two other cases.[2] The District Attorney's Office declined to prosecute the possession of marihuana offense alleged to have been committed on June 11, 2011 (warrant number D11–05069–1). Finally, K.G. testified that she was tried and acquitted of the disorderly conduct charge. K.G. also testified that she had not been convicted of a felony offense in the five years preceding each offense for which she sought an expunction, and she had not been placed on community service for any of the cases. The assistant county attorney present at the hearing stated that K.G. was entitled to an expunction. The trial court questioned K.G. about her other arrests, and after expressing concern about the large number of arrests over a seven-year period, informed her that the standard is "what's in the best interest of justice." Following the hearing, the trial

court signed an order denying the petition for expunction.

## ENTITLEMENT TO EXPUNCTION

In her sole issue, K.G. contends that the trial court abused its discretion by denying her petition for expunction because she presented evidence establishing her entitlement to an expunction of the records related to each arrest.

### Standard of Review

■■■ Article 55.01 of the Texas Code of Criminal Procedure governs the right of a person who has been placed under arrest for either a felony or misdemeanor to have all records and files relating to the arrest expunged. Tex.Code Crim.Proc.Ann. art. 55.01(a) (West Supp. 2016). The right to an expunction is a statutory privilege. *In re A.G.*, 417 S.W.3d 652, 654 (Tex.App.–El Paso 2013, no pet.); *In re J.O.*, 353 S.W.3d 291, 293 (Tex.App.–El Paso 2011, no pet.). All provisions in a statutory cause of action are mandatory and exclusive and all conditions must be met before a person is entitled to an expunction. *In re A.G.*, 417 S.W.3d at 654. A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving compliance with the statute. *Id.* If the statutory requirements are met, the trial court has no discretion to deny the petition. *Id.*; *In re J.O.*, 353 S.W.3d at 293; *In re S.D.*, 349 S.W.3d 76, 78 (Tex. App.–El Paso 2010, no pet.).

■■■ We have construed K.G.'s argument as challenging the legal sufficiency of

---

1. The dismissal motions indicate that K.G. was convicted of driving while intoxicated in cause number 20100C07425.

2. The dismissal motion reflects that K.G. pled guilty in cause numbers 20110C05294 and 20110C05629, but they do not state on their face the nature of these two cases. In re-

sponse to a question from the trial court, K.G.'s attorney stated that cause number 20110C05294 was possession of marihuana under two ounces and cause number 20110C05629 was delivery of less than one-fourth ounce of marihuana. Both of these offenses are misdemeanors.

the evidence supporting the order denying the expunction. When a party attacks the legal sufficiency of an adverse finding on an issue on which it bears the burden of proof, it must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Company*, 767 S.W.2d 686, 690 (Tex. 1989); *In re J.F.*, — S.W.3d —, —, 2016 WL 5404771, at *2 (Tex.App.–El Paso Sept. 28, 2016, no pet. h.). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *Sterner*, 767 S.W.2d at 690; *In re J.F.*, — S.W.3d at —, 2016 WL 5404771, at *2. First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690; *In re J.F.*, — S.W.3d at —, 2016 WL 5404771, at *2. Second, if there is no evidence to support the finding, then, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Sterner*, 767 S.W.2d at 690; *In re J.F.*, — S.W.3d at —, 2016 WL 5404771, at *2. Only if the contrary position is conclusively established will the issue be sustained. *In re J.F.*, — S.W.3d at —, 2016 WL 5404771, at *2.

### The Expunction Statute

Article 55.01 provides, in relevant part, that:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, except as provided by Subsection (c) [of this section]; or

(B) convicted and subsequently ... pardoned ...; or

. . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i) has not been presented against the person at any time following the arrest, and:

. . .

(b) at least one year has elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class B or A misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested
. . . .

TEX.CODE CRIM.PROC.ANN. art. 55.01(a) (West Supp. 2016).

### The Disorderly Conduct Charge

■ K.G. sought to expunge the records pertaining to the disorderly conduct charge pursuant to Article 55.01(a)(1)(A). K.G. presented uncontested evidence that

she was tried and acquitted of the disorderly conduct charge. We find that there is no evidence supporting the trial court's implied finding that K.G. failed to establish the statutory requirements for an expunction, and we further find that K.G. conclusively established her entitlement to an expunction of the records related to the disorderly conduct charge.

### The Other Charges

■ K.G. sought to expunge the records pertaining to the other six misdemeanor charges pursuant to Article 55.01(a)(2). K.G. testified, and the documentary evidence established, that she was released and the charges against her were either dismissed or the District Attorney's Office declined the case. Thus, she showed that she has been released, the charges did not result in a final conviction, and the charges are no longer pending. Further, K.G. testified that she was not placed on community supervision for any of these offenses. It is undisputed that at least one year has elapsed from the date of the arrest for each of these six offenses.

The only remaining question is whether K.G. established that no felony charge arose out of the same transaction. K.G. did not expressly testify to this fact, but the trial court elicited testimony from K.G. that she had been charged with a total of ten offenses. Seven of these cases are the misdemeanor offenses for which she is seeking an expunction. The other three are the misdemeanor charges to which she pled guilty or was convicted as reflected in the dismissal orders admitted into evidence. The State moved for a dismissal in cause numbers 20110C00416 (possession of less than two ounces of marihuana), 20100C11982 (tampering with a government record), and 20110C01647 (possession of less than two ounces of marihuana) because K.G. had been convicted of driving while intoxicated in cause number 20100C07425. Further, the State moved to dismiss cause number 20110C08568 (delivery of less than one-fourth ounce of marihuana) because K.G. had entered a plea of guilty to cause numbers 20110C05294 and 20110C05629. In response to a question from the trial court, K.G.'s attorney stated that cause number 20110C05294 was for possession of marihuana under two ounces and cause number 20110C05629 was for delivery of less than one-fourth ounce of marihuana. Both of these offenses are misdemeanors. Thus, the trial court heard uncontradicted evidence that K.G. had not been charged with a felony offense arising out of any of the offenses for which she sought an expunction.

There is no evidence supporting the trial court's implied finding that K.G. failed to establish the statutory requirements for an expunction, and we further find that K.G. conclusively established her entitlement to an expunction of the records related to the theft (cause number 20090C11590), possession of less than two ounces of marihuana (cause numbers 20110C00416, 20110C01647, and warrant no. D11–05069–1), tampering with government records (cause number 20100C11982), and delivery of less than one-fourth ounce of marihuana offenses (cause number 20110C08568).

The trial court repeatedly expressed concern that K.G. had been arrested ten times in seven years. While the court's concern is understandable, the expunction statute does not authorize a court to deny an expunction petition on the ground that the petitioner has been arrested too many times. Because K.G. established each of the statutory elements, she was entitled to an expunction, and the trial court did not have discretion to deny the expunction petition. We conclude that the trial court abused its discretion by denying K.G.'s petition to expunge the records related to

all seven charges for which she sought an expunction. K.G.'s sole issue is sustained. The order denying the expunction petition is reversed, and we render an order granting K.G.'s petition to expunge these records. The trial court is ordered to enter an order of expunction in accordance with Article 55.02, Section 3, of the Texas Code of Criminal Procedure.