

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00391-CV

**PHILLIPS MOTORS CO.** a/k/a Phillips Motors Company (Mansour Mansour),
Appellant

v.

**MILLION AUTO PARTS**,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 2019CV00722
Honorable Melissa Vara, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Rebeca C. Martinez, Justice
                  Irene Rios, Justice

Delivered and Filed: March 11, 2020

AFFIRMED

Appellant Phillips Motors Co. a/k/a Phillips Motors Company (Mansour Mansour) appeals

from the trial court's judgment in a suit to foreclose a mechanic's lien. We affirm the trial court's

judgment.

**Background**

Phillips Motors Co. ("Phillips") is the first lienholder on a 2007 Ford Expedition ("the

vehicle"). Appellee Million Auto Parts ("Million") notified Phillips that the vehicle had been

delivered to Million's property and requested payment for replacing the vehicle's engine. Phillips

refused to pay Million for the engine replacement and instead removed the vehicle from Million's property without Million's permission and filed a "Repossessed Motor Vehicle Affidavit" with the Texas Department of Motor Vehicles.

Million filed suit in the justice court against Phillips seeking return of the vehicle or recovery of the cost of the engine replacement. After Phillips failed to appear at trial, the justice court entered judgment in Million's favor. Phillips appealed to the county court ("the trial court"), which rendered judgment for Million in the amount of $2,500. Phillips, now identifying itself as "Phillips Motors Company (Mansour Mansour)," appeals the trial court's judgment.

### Discussion

This court struck Phillips' initial appellate brief for failure to comply with Texas Rule of Appellate Procedure 38.1 and ordered Phillips to file an amended brief. In our order, we advised Phillips: "Even if we do not strike the [amended] brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing and overrule those issues." Phillips filed an amended brief raising the following four issues:

(1) Does the Plaintiff (Million Auto Part) have a factually evidence for replacing the engine at the mentioned vehicle? [sic]

(2) Does the (Plaintiff) have a repair order signed by the vehicle owner?

(3) Did the (Plaintiff) file a Mechanic's lien on the vehicle?

(4) Did the (Plaintiff) send notices for unpaid account to the owner or the lien holder? [sic]

Million did not file an appellee's brief.

Texas Rule of Appellate Procedure 38.1 requires an appellant's brief to contain clear and concise arguments for the contentions made. *Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.) (citing TEX. R. APP. P. 38.1(*i*)). This requirement is not satisfied by conclusory statements that there was no evidence presented in the trial court. *Id.*

Although we construe a pro se appellant's brief liberally, a pro se appellant nevertheless must comply with applicable procedural rules and properly present its case. *Thomas v. Park at Sutton Oaks*, No. 04-17-00267-CV, 2018 WL 340133, at *1 (Tex. App.—San Antonio Jan. 10, 2018, no pet.) (mem. op.) (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)). "An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Id.* Rather, it is the appellant's burden to adequately brief its appellate issues. *Id.*

Here, Phillips' amended brief fails to comply with Texas Rule of Appellate Procedure 38.1 because it contains no citations to the appellate record or to any legal authority other than a passing reference to Texas Property Code Chapter 53. Even to the extent we could construe Phillips' amended brief as challenging the sufficiency of the evidence supporting the judgment, Phillips does not identify anything in the appellate record to support that argument. Further, because the record on appeal contains no reporter's record showing the evidence and arguments considered by the trial court, we cannot evaluate a sufficiency challenge. *See Davis v. Angleton Indep. Sch. Dist.*, 582 S.W.3d 474, 482–83 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (holding appellant challenging the sufficiency of the evidence cannot prevail without first presenting a sufficient record on appeal because the court of appeals presumes any omitted portions of the record support the trial court's judgment).

Therefore, because Phillips' amended brief does not include any citations to the record, actual legal analysis, or explanation as to why the trial court erred, we conclude Phillips waived its appellate complaints by failing to comply with the briefing rules set forth in Texas Rule of Appellate Procedure 38.1. Phillips' four issues are overruled.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment. Costs of this appeal are taxed against appellant.[1]

Sandee Bryan Marion, Chief Justice

---

[1] Although Mansour R. Mansour filed an affidavit of inability to afford court costs in this court and in the trial court, Mr. Mansour is not the appellant. Rather, the notice of appeal identifies "Phillips Motors Co." as the appellant, and the amended appellant's brief, titled "Appellant's Brief," is filed on behalf of "Phillips Motors Company (Mansour Mansour)."