**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00087-CV**
_____

**BRITTANY N. FRANKS, Appellant**

**V.**

**JANCIE R. HORTON, Appellee**

_____

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-11-15548-CV**
_____

**MEMORANDUM OPINION**

Brittany N. Franks sued Janice R. Horton for injuries she allegedly sustained

as a result of a motor vehicle collision.[1] After a jury trial, the jury found Horton was

not negligent in the cause of the accident and the trial court entered a final judgment

---

[1]For the purpose of disclosing potential conflicts, we note that Justice Horton is not related to Janice Horton.

that Franks recover nothing from Horton. Franks now appeals from the take-nothing judgment. Finding no reversible error, we affirm the trial court's judgment.

## I. Background

In addition to the summarized testimony below, portions of a doctor's videotaped deposition were played for the jury. Those deposition excerpts are not included in the appellate record. However, because of our disposition of this appeal, such evidence was unnecessary for our consideration.

### A. Brittany Franks's Testimony

Plaintiff Franks testified that shortly before the accident, she and other vehicles were stopped at a red light. She stated that while she was stopped, she looked in her rear-view mirror and saw Defendant Horton's vehicle "coming off 99 really fast," and that Horton caused a chain reaction collision by striking the vehicle behind Franks, which then struck Franks's vehicle. As a result of the impact, Franks's vehicle struck the vehicle in front of her. Franks stated that she spoke to Horton at the scene and that Horton apologized for the accident, stating that she had dropped her phone, and stooped to retrieve it, thus causing the accident.

Before the accident, Franks was uninjured; afterward, in contrast, she has experienced unremitting pain in her neck and low back. Franks testified that the effects of the accident have interfered with her ability to sleep. Franks further

mentioned depression and anxiety, indicating that she has a constant fear of being in another motor vehicle accident.

## B. Ghada Badr's Testimony

Badr was the driver of the front car in the collision. She indicated that the red light at the intersection had just turned green, and she therefore was about to begin moving forward when she was struck from behind by Franks's vehicle. Neither she nor her passengers were injured in the collision.

## C. Jose Montemayor's Testimony

Montemayor, the Department of Public Safety officer who investigated the accident, described his responsibilities in that position, as well as his training, including training in the field of accident investigation. He further described his usual approach to the investigation of an accident, noting that it includes assuring everyone's safety, interviewing the people involved in the collision, and forming an opinion regarding the cause or causes of the accident. In his opinion, Horton's failure to control speed was a cause of the accident; he did, however, acknowledge that "failure to control speed[]" was not the same as exceeding the speed limit or driving at an unsafe speed, and further acknowledged that he did not investigate the speed of any of the vehicles involved in the collision.

He described the damage to Franks's vehicle as shown on the accident report, noting that on a scale of zero to seven, it had a damage rating of two and was not towed from the scene.

**D. Keith Ross's Testimony**

Ross, Franks's stepfather, testified that he went to the accident scene as soon as he learned of the collision. He indicated that although he did not speak directly with Horton, he overheard her say something about having dropped her phone; he consequently assumed that Horton was using her phone at the time of the accident. It was not until Defendant's cross-examination of him that he heard that Horton's phone had fallen to the floor of her vehicle, and she attempted to retrieve it so that it would not interfere with her driving; and he agreed that under those circumstances, it would be prudent to retrieve the fallen object.

**E. Horton's Testimony**

Horton testified that before the accident, she had placed her phone on the center console of her car. When the phone unexpectedly fell to the driver's side floor of the vehicle, she was concerned that it might become lodged under either the accelerator or the brake pedal, and she therefore reached down to retrieve it, accidentally causing the collision made the basis of this case. She acknowledged that she was using her phone shortly before the accident, and again shortly thereafter, but denied using her phone at the time the accident occurred.

Although Horton conceded that she caused the accident in question, she did not admit to having done so through her negligence.

## II. Standard of Review

The essence of Franks's appeal is that the evidence compelled a liability decision in her favor. More specifically, she argues that the evidence was legally and factually insufficient to support the jury's finding that "Horton was not negligent."

When a party who had the burden of proof brings a legal sufficiency issue complaining of an adverse finding, that party must demonstrate that the evidence establishes conclusively, *i.e.*, as a matter of law, all vital facts in support of the finding sought by the party. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989).

When a party who had the burden of proof complains of the factual insufficiency of an adverse finding, that party must demonstrate that the adverse finding is contrary to the great weight and preponderance of the evidence. *Dow Chem.*, 46 S.W.3d at 241-42; *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651-53 (Tex. 1988). We weigh all the evidence and set aside the adverse finding only if it is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem.*, 46 S.W.3d at 242. In doing so, we must detail the evidence and state in what regard the contrary evidence greatly outweighs the evidence in support of the adverse finding. *Id.* We must also remember that it is

5

within the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony. *Brush v. Reata Oil & Gas Corp.*, 984 S.W.2d 720, 725-26 (Tex. App.—Waco 1998, pet. denied). We will not determine the credibility of a witness or substitute our judgment for that of the jury, even if the evidence could support a different result. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998) (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634 (Tex. 1986)). *O'Connor v. Miller*, 127 S.W.3d 249, 254 (Tex. App.—Waco 2003, pet. denied).

### III. Analysis

At the outset, we note that the jury did *not* make an affirmative finding that Horton was *not* negligent; instead, it failed to find that Horton's negligence, if any, proximately caused the collision. In other words, Franks, as the plaintiff, simply did not meet her burden of proof as to one or more of the elements of her case. *See JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 164-65 (Tex. 2015) (discussing the burden of proof).

### A. Legal Insufficiency

The fact that Horton struck a vehicle from the rear does not establish her liability to Franks. *See Jowdy v. Rossi,* No. 01-19-00715-CV, 2021 WL 2793474, at *3 (Tex. App.—Houston [1st Dist.] July 6, 2021, no pet.) (mem. op.). In order to prevail, Franks must demonstrate all elements of her negligence claim against

6

Horton. *Id.* Moreover, to prevail on a legal sufficiency challenge, Franks must prove these elements as a matter of law. *Dow Chem.,* 46 S.W.3d at 241.

Because the elements of duty, causation, and damages do not appear to be the subject of any appreciable controversy, we will focus on the requirement that Horton had breached a legal duty to Franks by failing to operate her vehicle as a person of ordinary prudence under the circumstances then presented. *See D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex. 2002) (addressing the elements of actionable negligence). Franks contends that she has met the requisite burden by showing that Horton placed her phone in a location where it could become a hindrance, and that Horton then compounded her error by attempting to retrieve her phone after it had fallen to the floor beneath her feet. Although the undisputed evidence does, indeed, show that Horton placed her cell phone on her center console and that the accident occurred when she attempted to pick it up from the floor of the vehicle while exiting from a freeway, we disagree with Franks that either of these actions proves as a matter of law that Horton breached her duty of exercising ordinary care.

Franks has placed great emphasis on Horton's testimony that her phone was in an unsecured position and that she chose to try to pick it up after it fell to the floor; she claims that this evidence proves Horton's negligence. What this argument overlooks, however, is the fact that the cited testimony reflects Horton's realization of the risk after the fact and does not necessarily show that she then appreciated the

possibility of her cell phone falling off her console, since it had not previously done so. Horton's choices, however, may not be judged in hindsight, but instead must be evaluated according to the situation as it appeared to Horton at the time it occurred. *See Ft. Worth & D. C. Ry. Co. v. Alcorn*, 178 S.W. 833, 836 (Tex. App.—Amarillo 1915, no writ) (addressing the imprudence of assessing a party's actions in hindsight or with reference to possible alternative decisions). Given this evidentiary posture of the case, we cannot say that Franks has conclusively proven that Horton's actions were negligent, and we therefore overrule Franks's initial point of error.

## B. Factual Insufficiency

In weighing the evidence supporting Franks against that supporting Horton, we agree with Franks that the evidence could have supported a jury verdict in Franks's favor. Had the jury chosen to return such a verdict, we would not disturb it, for it is the province of the jury, not this court, to determine the credibility of witnesses and the weight to be accorded to their testimony. *See Moore v. Altra Energy Techs., Inc.,* 321 S.W.3d 727, 739 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). The jury could have believed that Horton was negligent, as that term was defined in the court's charge, yet it declined to do so.

In reaching its decision, the jury may have decided that Horton did exercise ordinary care, and that her "split-second decision[]" to retrieve her phone was not negligent, since it may have represented less risk of harm than permitting the phone

to impede her use of the brake pedal. The jury also may have found that Franks simply did not meet her burden of proof to establish Horton's alleged negligence. In neither instance are we inclined to second-guess the jury, and we therefore overrule Franks's second point of error.

## IV. Conclusion

Because the evidence does not mandate a decision that Horton's alleged negligence proximately caused the accident in question, we affirm the trial court's take nothing judgment in Horton's favor.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on July 5, 2022
Opinion Delivered November 3, 2022

Before Kreger, Horton and Johnson, JJ.