

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-22-00085-CV |
| IN THE INTEREST OF | § | Appeal from the |
| G.A.R., M.R. and D.J.R., | § | 388th Judicial District Court |
| Children. | § | of El Paso County, Texas |
| | § | (TC# 2006CM6082) |

## MEMORANDUM OPINION

Pro se appellant Miguel Bernadino Reyes appeals the trial court's order confirming a child support arrearage and denial of his modification request to reduce ordered child support. Among other claims, Appellant asserts on appeal that he sustained loss of income during certain periods, but those losses were not considered in the trial court's calculation of the amount of child support arrearage, medical support arrearage, and interest owed. We affirm.

### I. BACKGROUND

On August 27, 2021, the Office of the Attorney General (OAG) filed a suit for modification of support order and motion to confirm support arrearage. The OAG alleged there were three children subject to the suit—G.A.R. (born Jan. 1997), M.R. (born Oct. 1998), and D.J.R. (born Feb. 2003). Appellant is the father of all three children, and Norma Angelica Salazar de Reyes is

their mother. At the time the OAG filed its motion, all three children had reached the age of eighteen.

The OAG's motion stated that on November 20, 2017, the trial court ordered Appellant to pay $300 each month in child support and $133 each month in medical support. The OAG then alleged that Appellant failed to make certain payments of the court ordered support and, as a result, owed $4,343.10 in child support arrearage and $2,065.53 in medical support arrearage. Appellant responded by entering a general denial with an attached exhibit containing a narrative explanation of his own circumstances and also about his daughter, D.J.R. He claimed he had sustained a drastic change in income and D.J.R. had moved out of her mother's house at the age of seventeen. D.J.R. reached the age of eighteen in February of 2021, months prior to the OAG's filing of the instant suit.

The trial court, by the Title IV-D associate judge, held a final hearing via Zoom. The hearing was audio recorded, but no transcription was thereafter made by an official court reporter. At the conclusion of trial, the associate judge signed an order confirming arrearages in the amount of $3,372.52 for unpaid child support and $1,632.60 for unpaid medical support. The associate judge rendered judgment in favor of the OAG and ordered Appellant to pay $100 each month towards the child support arrearage and $50 each month towards the medical support arrearage. Lastly, the trial court otherwise denied modification of the support order.

Appellant now files this appeal.

## II. ISSUES ON APPEAL

On review, we are instructed to construe points of error liberally and with patience, "to obtain a just, fair and equitable adjudication of the rights of the litigants." *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Palmer v. Office of the Attorney Gen.*, 656 S.W.3d 640,

2

644 (Tex. App.—El Paso 2022, no pet.). Even still, it is well-settled that a pro se party must nonetheless comply with all applicable procedural rules. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). This requirement ensures basic fairness such that pro se litigants do not gain an unfair advantage over other parties who are represented by counsel. *Id*.

Liberally interpreting Appellant's complaints, he challenges the trial court's order of November 20, 2017, to the extent he claims the court failed to account for his drastic loss of income between April 2020 and September 2020, and his minimal income between September 2020 and March 2021. Additionally, Appellant contends D.J.R. had "a child of her own" and "emancipated herself" by moving out of her mother's home at age seventeen.

In what we interpret as his requested relief, Appellant contends this Court "should modify an order that provides for the support of a child," because D.J.R. "was not living with either parent." Second, Appellant asks the court to "remove the Attorney General from [his] case" and requests he "deal directly with the court." He asserts misrepresentation and abusive power "has since created a barrier of distrust." Next, Appellant states: "If child in question is emancipated at age seventeen[,] I ask the Court to remove the Court Order for Withholding from Earnings from Employment immediately." Lastly, Appellant states: "If child in question is not emancipated then I ask the Court for both parents to pay child support to D.J.R. accordingly to the income made by each parent that last year."

The OAG filed a responsive brief asserting the trial court did not abuse its discretion in denying Appellant's requested modification because there was no current child support to modify as the youngest child had turned eighteen. Additionally, the OAG asserts that Appellant failed to support his remaining arguments with citations to authorities and he failed to supply the Court with a reporter's record.

3

### III. APPELLATE RECORD

At the outset, we address the status of the appellate record in this case. This matter was heard by the Title IV-D associate judge of the 388th Judicial District Court in El Paso County. While the case remained pending and we awaited the filing of the reporter's record, we received a letter from the official court reporter for the 388th District Court stating it was her understanding the associate judge did not have a court reporter and there was no record of an assigned court reporter on the date of the hearing. In response, we sent a letter to the parties requesting information on whether a record was taken of the final hearing. When our inquiry drew no response, we notified the parties that the case would be considered without the benefit of a reporter's record. The following day, the OAG informed this Court that the final order entered by the trial court stated that a record of the proceeding was "made by audio recording," as no court reporter was provided for the hearing in question.

In cases where trial proceedings are electronically recorded, the burden remains with an appellant to have the relevant portions to the issues in his appeal transcribed and filed in the appellate court as an appendix to appellant's brief. TEX. R. APP. P. 38.5(a)(1); *see also In re E.D.M.*, No. 14-09-00727-CV, 2010 WL 3418211, at *2 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, no pet.) (mem.op.). Here, our record contains neither an audio recording nor a transcription of the audio recording as a part of the appellate record. Accordingly, our review on appeal is limited to the clerk's record. Moreover, in the absence of a reporter's record, "an appellate court must presume the evidence presented was sufficient to support the trial court's order." *Williams v. Am. Tire Co. Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied).

Construing Appellant's complaints liberally, he attacks the trial court's judgment asserting the amounts of child support should have been modified according to his reported income. He

4

further alleges that child support should have been terminated earlier due to the "emancipation" of D.J.R. at the age of seventeen. Additionally, he asserts complaints against the OAG in the handling of his case. These complaints necessarily require our review of the trial court record. Yet, without a transcription of the electronically recorded trial, we are unable to examine what evidence was brought before the trial court when it rendered its judgment. TEX. R. APP. P. 33.1(a); *see also Marena v. George*, No. 14-03-01283-CV, 2004 WL 2340631, at * 1 (Tex. App.—Houston [14th Dist.] Oct. 19, 2004, no pet.) (mem. op.) (concluding that in the absence of a transcription of the electronically recorded portion of the trial relevant to the appellant's arguments, the court could not determine whether the trial court abused its discretion). Without an adequate record being supplied by Appellant, we must presume the evidence was sufficient to support the trial court's judgment.[1] *Williams*, 190 S.W.3d at 803.

Accordingly, we overrule Appellant's multiple issues.

## IV. CONCLUSION

We affirm.

GINA M. PALAFOX, Justice

March 21, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

---

[1] Upon initial filing, the clerk of the Court notified Appellant that his appellant's brief was not compliant with Rule 38.1 of the Texas Rules of Appellant Procedure. Although Appellant provided a revised brief, that brief remained non-compliant as it merely cited to Rule 38.1 without otherwise citing to legal authority in support of its claims. TEX. R. APP. P. 38.1(h), (i).