

## NUMBER 13-14-00421-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

MILAGRO EXPLORATION, LLC,                                    Appellant,

v.

GLENN A. RALSTON AND
DOROTHY RALSTON,                                             Appellees.

### On appeal from the 24th District Court
### of Goliad County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Hinojosa**
**Memorandum Opinion by Justice Benavides**

By one issue, appellant Milagro Exploration, LLC ("Milagro") challenges the sufficiency of evidence supporting the trial court's judgment rendered in favor of appellees Glenn A. Ralston and Dorothy Ralston (collectively "Ralston" unless otherwise noted). We reverse and render in part and remand in part.

# I.    BACKGROUND

On November 8, 2006, Milagro[1] entered into a Surface Facility Site Agreement and Easement ("the agreement") with Ralston, which granted Milagro surface rights to one acre of a more than 350-acre tract of land located in Goliad County owned by Ralston ("the property").    The agreement allowed Milagro to operate an amine plant on the property, which was described as pieces of equipment that help prepare natural gas for sales and puts the gas into a marketable condition.    The agreement called for a five-year term, and it allowed for renewal for two additional five-year terms.    Additionally, the agreement stated that if the agreement was terminated, Milagro would be "required to remove any equipment from the site within six (6) months and restore the site to a condition as near as possible as it existed before [Milagro's] initial operation on the land."

William Anderson, Milagro's director of land, testified that near the end of 2011, Ralston called him to inquire whether Ralston could build a new fence around the perimeter of the amine plant.    Anderson stated that at the time of Ralston's phone call, he was unaware that Milagro's agreement with Ralston had expired, but eventually realized that it had expired.    Anderson admitted the agreement had a six-month grace period following its termination for Milagro to remove its equipment from Ralston's land. The parties attempted to renegotiate a new agreement but failed.    On March 5, 2012, however, Ralston's attorney sent Milagro correspondence which warned the company that if any of its employees entered Ralston's property, they would face criminal trespass

---

[1] Milagro's predecessor company Petrohawk Energy Corporation was the original signatory to the agreement.

2

charges. However, Milagro stipulated that despite this letter, it continued to operate the amine plant "up until approximately June of 2012 at which time it was shut down and [Milagro] . . . continued to run gas through the plant." Milagro further stipulated that Ralston "let Milagro come back on the property at various times to look and to remove equipment." Ralston estimated the amine plant's value at $400,000.00.

On September 14, 2012, Milagro sued Ralston on causes of action for breach of contract and unlawful lockout.[2] Additionally, Milagro pled for declaratory relief and temporary restraining order. Specifically, Milagro sought the following relief:

(1) A declaration that [the agreement] is a valid agreement;

(2) Damages for [Ralston's] breach of the agreement when [Ralston] refused to allow [Milagro] on the premises to recover [Milagro's] equipment within the six (6) month period contemplated by the agreement;

(3) A writ of reentry entitling [Milagro] to immediate and temporary possession of the premises to recover its equipment from the premises;

(4) A temporary restraining order restraining [Ralston], their agents, servants, and employees from tampering with, selling, or otherwise disposing of the equipment until a hearing can be conducted;

(5) Order an evidentiary hearing [to] be set for the issuance of the temporary injunction;

(6) [Milagro's] reasonable and necessary attorney's fees in prosecuting its claims through trial and, if necessary, through appeal;

(7) All costs of suit; and

---

[2] The underlying lawsuit was originally filed in Victoria County, but it was subsequently transferred to Goliad County on Ralston's motion.

3

(8) Such other and further relief, at law or in equity, to which [Milagro] may show itself justly entitled.

The trial court held a bench trial on December 19, 2013 and subsequently ruled entirely in Ralston's favor. Specifically, the trial court rendered the following judgment:

(1) The Court finds as a matter of law [Milagro's] right to enter the premises covered by [the agreement] executed on November 8, 2006, ended one-hundred (180) days after the lease expired on November 8, 2011.

(2) The Court finds as a matter of law [Milagro] has no right to re-enter the premises covered by [the agreement] executed November 8, 2006 to remove fixtures or equipment thereon.

(3) The Court finds as a matter of law the property on the premises covered by [the agreement] executed November 8, 2006 is the property of and belongs to [Ralston].

(4) [Ralston's] request for attorney's fees is denied.

(5) All other relief requested by [Milagro] is denied.

(6) All costs are to be paid by [Milagro].

This appeal followed.[3]

## II. LEGAL SUFFICIENCY

By one issue, Milagro challenges the legal sufficiency of the evidence supporting portions of the trial court's judgment.

## A. Standard of Review

We review declaratory judgments under the same standards as other judgments. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (West, Westlaw through 2015 R.S.). We look to the procedure used to resolve the issue below to determine the standard

---

[3] On July 24, 2015, this Court abated this appeal pursuant to Milagro filing a notice of bankruptcy. *See* Tex. R. App. P. 8.2. We reinstated the appeal on September 1, 2016.

4

of review on appeal. *See Tanglewood Home Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 65–66 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Here, the trial court issued various findings exclusively as a matter of law, and Milagro now asserts no-evidence challenges on appeal.

In reviewing the legal sufficiency of the evidence, we view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Playboy Enter., Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W.3d 250, 263 (Tex. App.—Corpus Christi 2006, pet. denied) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005)). In conducting a legal sufficiency review, we will sustain a legal sufficiency point if the record reveals the following: (a) the complete absence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810. The fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.* at 819.

A party attempting to overcome an adverse fact finding as a matter of law, as Milagro is doing in this appeal, must surmount two hurdles. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). First, the record must be examined for evidence that supports the jury's finding, while ignoring all evidence to the contrary. *Id.* Second, if there is no evidence to support the fact finder's answer, then, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id.*

**B.   Discussion**

Milagro challenges the second and third findings as a matter of law issued by the trial court.   We will address each in turn.

First, Milagro asserts that the trial court erred by concluding that Milagro had "no right to re-enter the premises covered by [the agreement] executed November 8, 2006 to remove fixtures or equipment thereon" because the record conclusively establishes the opposite.   We agree.   Contract construction is a matter of law for the trial court.   *Elliott-Williams Co., Inc. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999).   A court's primary concern is to ascertain and give effect to the parties' intentions as expressed in the instrument.   *Id.* The agreement expressly states that Milagro was required to enter the property within six months of the agreement's termination "to remove any equipment from [the property] . . . and restore the site to a condition as near as possible as it existed before [Milagro's] initial operation of the land."   We hold that this provision conclusively and unequivocally granted Milagro contractual rights to enter the property within six months of the termination of the agreement.   Accordingly, Milagro had a contractual right to enter Ralston's property from November 2011 until May 2012.   Thus, the trial court likewise erred by implicitly denying Milagro's breach of contract cause of action because the record conclusively shows that Ralston attempted to bar Milagro from entering the property in March 2012.

Second, Milagro argues that the trial court erred by concluding that the amine plant "is the property of and belongs to [Ralston]" because the record conclusively establishes the opposite.   Again, we agree.   The evidence at trial undisputedly establishes that Milagro owned the amine plant.   Additionally, Ralston did not file any affirmative pleading

6

seeking to establish his right to own the amine plant or that Milagro had abandoned its ownership interest to the plant. *See* Tᴇx. R. Cɪᴠ. P. 94 (requiring a party to plead affirmative defenses); *see also Trenolone v. Cook Exploration Co.*, 166 S.W.3d 495, 500–01 (Tex. App.—Texarkana 2005, no pet.) (explaining that abandonment means the relinquishment of the possession of a thing by the owner with the intention of terminating its ownership, but without vesting it in any one else). Furthermore, the agreement is silent with regard to what happens to the amine plant if Milagro fails to timely remove it from the property—that is, there is no reversion or forfeiture remedy to the amine plant in Ralston's favor as the trial court's finding as a matter of law provides.[4] We hold that this finding is legally insufficient and the evidence conclusively establishes that Milagro owns the amine plant.

We sustain Milagro's issue on appeal.[5]

## III.    Cᴏɴᴄʟᴜsɪᴏɴ

In light of our holding today, we reverse the trial court's judgment in its entirety, partially render judgment that: (1) the agreement granted Milagro contractual rights to enter the property within six months of the termination of the agreement; and (2) Milagro

---

[4] The record shows that the trial court appeared to rely upon *Sunray DX Oil Co. v. Texaco, Inc.* in making its ruling in this case. 417 S.W.2d 424, 425–29 (Tex. App.—El Paso 1967, writ ref'd n.r.e.). We find *Sunray DX Oil* distinguishable from the facts of this case for two reasons. First, the lease involved in *Sunray* was an oil and gas lease rather than a surface agreement as is this case here. Second, the El Paso Court appears to rely on the fact that the agreement in that case had an express provision that the right of removal of equipment existed at any time during the term of the lease, and such equipment was unused for an entire year. Here, there is no evidence to establish no activity on Milagro's part with regard to the amine plant. Accordingly, we decline to adopt the *Sunray* holding to the facts of this case.

[5] Milagro additionally argues in the alternative that this Court should reverse the trial court's judgment and remand for a new trial "in the interest of justice." However, because we sustain Milagro's sufficiency challenges, we need not address this issue because it would not grant Milagro greater relief than already requested. *See* Tᴇx. R. Aᴘᴘ. P. 47.1.

7

owns the amine plant, and we remand this case for further proceedings consistent with this opinion.

GINA M. BENAVIDES,
Justice

Delivered and filed the
2nd day of March, 2017.