# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00418-CV

---

**Eric Handy, Sr., Appellant**

v.

**Zurich American Insurance Company, Appellee**

---

**FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-20-003365, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Pro se appellant Eric Handy, Sr., filed his notice of appeal complaining of the trial court's granting of a no-evidence motion for summary judgment filed by appellee Zurich American Insurance Company. As explained below, we affirm the trial court's order granting summary judgment and dismissing Handy's claims against Zurich American.

## FACTUAL AND PROCEDURAL SUMMARY

Handy filed a petition for judicial review of the determination made in a contested case by an administrative law judge (ALJ) that an injury Handy sustained on the job did not "extend [to] and include the entire extent of [Handy's] injury."[1] The ALJ recited that the parties had stipulated that Handy suffered "a compensable injury in the form of at least a cervical

---

[1] Handy also named his former employer, HC Beck, as a defendant. HC Beck filed a traditional motion for summary judgment, which was also granted. Handy did not complain of that ruling in his notice of appeal, and HC Beck is thus not a party to this appeal.

sprain/strain and right shoulder sprain/strain" on January 23, 2019. The parties disagreed, however, about whether the workplace injury extended to "a disc protrusion at C2-C3, C3-C4, C4-C5, and C5-C6." The ALJ found that the compensable injury "was not a producing cause" of the disc protrusion or "an enhancement, acceleration, or worsening of any of those conditions." The ALJ also found that the evidence supported Zurich American's medical-examination doctor's certification that Handy reached maximum medical improvement (MMI) on January 30, 2019, and had a zero-percent impairment rating.[2] In accordance with those findings, the ALJ issued conclusions of law determining that Handy's compensable injury did not extend to or include the complained-of disc protrusion, that he reached MMI on January 30, 2019, and that he had a zero-percent impairment rating.

Handy's petition for judicial review challenged the ALJ's determination that Handy's workplace injury "did not extend and include the entire extent of [Handy's] injury" without specifying which findings he was contesting. *See* Tex. Lab. Code § 410.302(b) (trial for judicial review is limited to issues "on which judicial review is sought," and pleadings must specify which determinations are challenged). On May 21, 2021, Zurich American filed a no-evidence motion for summary judgment, setting the motion for a hearing on June 28. In its motion, Zurich American explained that the ALJ had considered whether Handy's compensable

---

[2] A compensable injury under the labor code is an "injury that arises out of and in the course and scope of employment for which compensation is payable under this subtitle"; impairment is "anatomic or functional abnormality or loss existing after maximum medical improvement that results from a compensable injury and is reasonably presumed to be permanent"; an impairment rating is "the percentage of permanent impairment of the whole body resulting from a compensable injury"; and MMI is the earlier of "the earliest date after which, based on reasonable medical probability, further material recovery from or lasting improvement to an injury can no longer reasonably be anticipated," two years from the date "on which income benefits begin to accrue," or a date arrived at under section 408.104, which governs the determination of MMI after spinal surgery. Tex. Lab. Code § 401.011(10), (23), (24), (30); *see id*. § 408.104 ("Maximum Medical Improvement After Spinal Surgery").

2

injury extended to and included his right shoulder sprain/strain and disc protrusions, whether he had reached MMI, and, if so, when he reached MMI and with what impairment rating. To prevail in his suit for judicial review, Zurich American asserted, Handy had to present expert medical evidence proving that the ALJ's conclusions on those issues were erroneous. It specifically argued that there was "no expert medical evidence" that Handy's compensable injury extended to and included his disc protrusions; that he did not reach MMI on January 30, 2019; and that his impairment rating is "not zero percent." *See* Tex. R. Civ. P. 166a(i) (no-evidence motion "must state the elements as to which there is no evidence").

On June 28, the day of the summary-judgment hearing, Handy filed a response stating that his condition had "substantially changed since the appeals hearing" and arguing that evidence of that change should be considered by the trial court pursuant to section 410.307 of the labor code.[3] He attached as exhibits a copy of his March 2021 Social Security Disability Decision, which found that Handy had "full favored disability since August 13, 2019"; copies of his medical records related to a December 6, 2019 neck surgery; copies of his medical bills related to that surgery; and a letter he had written "to highlight the difficulties and issues [he had] been dealing with since this workplace injury." Zurich American immediately filed an objection to Handy's response asserting that the response was untimely filed, *see id.* R. 166a(c) (response

---

[3] Section 410.307 provides that in a proceeding for judicial review, "[e]vidence of the extent of impairment is not limited to that presented to the division if the court, after a hearing, finds that there is a substantial change of condition." *Id*. § 410.307(a). A finding of a substantial change must be based on evidence by the same doctors whose opinions were considered in the administrative proceeding, "evidence that has come to the party's knowledge since the contested case hearing," "evidence that could not have been discovered earlier with due diligence," and evidence that would probably produce a different result if admitted at trial. *Id*. However, the fact that Handy's condition worsened between October 29, 2019, when the contested-case hearing was held, and December 6, 2019, when he underwent surgery, is not relevant to whether the disc protrusion—the cause of his worsening pain—arose out of his workplace injury.

to motion for summary judgment must be served at least seven days before hearing unless party obtains permission from trial court), that the response "contains no summary judgment evidence," that Handy's exhibits were hearsay and lacked authentication or certification, and that the social-security decision and Handy's letter contained "medical conclusions made by persons who are not demonstrated to be qualified as medical experts." Following the hearing, the trial court signed orders sustaining Zurich American's objections to Handy's exhibits and granting Zurich American's no-evidence motion for summary judgment.

## DISCUSSION

The bulk of Handy's appellate brief consists of his description of his workplace injury and events occurring after he was injured. As far as asserting that the trial court committed reversible error, he states, "The Judge went [with] opposing counsel and let one of Zurich's doctors testify over the phone and Dr. Garzia should have been in the court room or it should [have] been continued." He also asserts that in the hearing, the trial court "agreed with" Handy and said he "had abundance of evidence but [then] 30 days later . . . went with" Zurich American, granting summary judgment against Handy. However, he presents nothing in the way of argument or authority that would allow us to reverse the trial court's judgment.[4] See Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). We must "hold pro se litigants to

---

[4] The appellate record does not include a reporter's record from the hearing on Zurich American's motion for summary judgment, and oral evidence is not permitted at such hearings. See Tex. R. Civ. P. 166a(c) ("No oral testimony shall be received at the hearing."). It is clear from the record that Handy's summary-judgment response was untimely, and the record does not reflect that Handy sought or obtained the trial court's permission to file a late response. See id. ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.").

4

the same procedural standards as we do litigants represented by counsel to avoid giving pro se litigants an unfair advantage," although we "will read the briefs liberally so as to obtain a just, fair and equitable adjudication of the parties' rights." *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.) (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). We thus have no choice but to hold that Handy has waived any argument that the ALJ's findings were erroneous or that the trial court erred in excluding his untimely filed exhibits (indeed, Handy does not attempt to explain why it would have been erroneous to exclude his exhibits). *See Onkst v. Onkst*, No. 03-15-00636-CV, 2017 WL 2628245, at *4 (Tex. App.—Austin June 16, 2017, no pet.) (mem. op.); *Thomas v. Graham Mortg. Corp.*, 408 S.W.3d 581, 595 (Tex. App.—Austin 2013, pet. denied); *Professional Res. Plus v. University of Tex.*, No. 03-10-00524-CV, 2011 WL 749352, at *1 (Tex. App.—Austin Mar. 4, 2011, no pet.) (mem. op.).

Even if Handy had preserved the issue and we were to hold that the documents should not have been excluded from the trial court's consideration, the documents he attempted to provide in his summary-judgment response do not raise a fact issue as to whether the ALJ's rulings were erroneous.

Handy, as the party seeking judicial review of the ALJ's decision, had "the burden of proof by a preponderance of the evidence," Tex. Lab. Code § 410.303, and after Zurich American moved for a no-evidence summary judgment, Handy had the burden of producing evidence raising a genuine issue of material fact about the challenged elements, including whether his workplace injury was a producing cause of his disc protrusion, *see* Tex. R. Civ. P. 166a(i) (if party moves for no-evidence summary judgment after adequate time for

5

discovery, burden shifts to respondent to produce evidence raising fact question on elements challenged by movant). A "producing cause in workers' compensation cases is defined as a substantial factor in bringing about an injury or death, and without which the injury or death would not have occurred." *Transcontinental Ins. v. Crump*, 330 S.W.3d 211, 223 (Tex. 2010); *see Kelley v. Aldine Indep. Sch. Dist.*, No. 14-15-00899-CV, 2017 WL 421980, at *2 (Tex. App.—Houston [14th Dist.] Jan. 31, 2017, pet. denied) (mem. op.) (party challenging workers' compensation decision had burden of proving by preponderance of evidence that work-related injury was producing cause of disc herniation, cervical radiculitis, and lumbar radiculopathy). "The general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007); *Kelley*, 2017 WL 421980, at *2.

A disc protrusion is not a common or basic injury, and its causation and whether it can be linked to the kind of injury suffered by Handy on the job are issues that require expert medical evidence. *See Guevara*, 247 S.W.3d at 665; *Kelley*, 2017 WL 421980, at *3; *see also City of Laredo v. Garza*, 293 S.W.3d 625, 632–33 (Tex. App.—San Antonio 2009, no pet.) (lay testimony alone insufficient to prove medical causation of disc herniations and radiculopathy). Handy did not provide expert medical evidence on the issue of whether his workplace injury caused the disc protrusion. Moreover, the proffered documents indicate that after his workplace injury, he suffered from pain and eventually underwent surgery—they do not establish that the later pain and surgery were the result of the workplace injury and not some other source.

The Social Security Disability Decision contains findings that Handy had not worked since August 13, 2019, "the alleged onset date," and that he suffered from several "severe impairments," including "degenerative disc disease." The decision states that the

6

evidence "confirms a work-related back injury in January 2019," followed by an MRI "that confirmed postoperative changes at C6-7 from an anterior cervical diskectomy and fusion and C5-6 junctional disease." However, the document does not correlate the compensable injury to the continued neck pain and eventual surgery. The same is true of Handy's medical records from the December 2019 surgery—the fact that he required surgery does not tend to show that the workplace injury caused the disc protrusion. *See State Office of Risk Mgmt. v. Larkins*, 258 S.W.3d 686, 690–91 (Tex. App.—Waco 2008, no pet.) (even if medical records could be considered expert testimony, they did not establish that mental diagnoses were causally related to workplace head injury because records did not explain how injury could or did cause diagnoses). Nor can Handy's letter, asserting his layperson's belief that the workplace injury caused his later neck problems, be viewed as evidence of that fact. *See Guevara*, 247 S.W.3d at 665; *Kelley*, 2017 WL 421980, at *3.

The various documents, even if they had been considered by the trial court, would not have raised a fact issue about whether Handy's compensable injury extended to and included his disc protrusion. And because the documents do not speak to the issue of causation, they cannot be viewed as having any relevance to the issues of when he reached MMI or his impairment rating—both of which are statutorily defined in relation to a worker's recovery *from a compensable injury*. *See* Tex. Lab. Code § 401.011(10), (23), (24), (30). Because Handy did not respond to Zurich American's motion by providing evidence raising a fact issue on the challenged elements, the trial court did not err in granting the no-evidence motion for summary judgment—indeed, the court was required to do so. *See* Tex. R. Civ. P. 166a(i) ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.")

## CONCLUSION

Zurich American's motion specified elements of which there was no evidence, and Handy failed to provide evidence raising a genuine issue of material fact as to those elements. The trial court was therefore required to grant Zurich American's no-evidence motion. *See id.* We affirm the trial court's order granting summary judgment in favor of Zurich American.

_____

Edward Smith, Justice

Before Justices Baker, Smith, and Theofanis

Affirmed

Filed: June 2, 2023